565 A.2d 1159

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel Nelson HITCHCOCK, Appellant.**

Supreme Court of Pennsylvania.

Argued March 9, 1989.

Decided Nov. 8, 1989.

Christopher J. St. John, Office of the Public Defender, Mercer, for appellant.

James P. Epstein, Dist. Atty., Linda Hoelzle Barr, Asst. Dist. Atty., Mercer, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

The appellant in this case conducted a campaign of settled sexual aggression against his twelve-year-old daughter. He

was convicted, at a bench trial, of rape, 18 Pa.C.S. § 3121; statutory rape, 18 Pa.C.S. § 3122; involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123; two counts of indecent assault, 18 Pa.C.S. §§ 3126(1) and (3); corruption of minors, 18 Pa.C.S. § 6301 and criminal attempt to commit rape, 18 Pa.C.S. § 901. In this appeal he concedes that whatever else he did, and he did everything his sordid imagination could contrive,[1] he did not rape his daughter as rape is traditionally defined. Starkly put, he contends that anal intercourse is not rape.

First, however, we shall put to rest appellant's peculiar sensitivity; anal penetration by a male of another person, not his spouse, is rape.

Rape in its traditional sense is a male crime, the essence of which is the forcible sexual penetration of a female. Previous to the Pennsylvania Crimes Code of 1972,[2] the traditional concept was the forcible vaginal penetration of a woman. That definition has been amplified into forcible "sexual intercourse" of another person not in a spousal relation. The statute defines sexual intercourse as:

"**Sexual intercourse.**" In addition to its ordinary meaning, includes intercourse per os or per anus, with

---

1. The evidence at trial consisted solely of the child's uncontroverted direct testimony. Initially, appellant had his victim sit on his lap fully clothed and he would fondle her breasts and genital area. This contact progressed to where appellant, on a number of occasions, undressed the child and performed oral sex on her. In one instance, appellant displayed a pornographic movie to her at home. He then removed her clothing and rubbed his hand in and around her vagina. During this incident, appellant requested her to imitate the actors in the movie by performing oral sex upon him. His fixation with oral sex lead him on one occasion to apply icing and jelly to his penis so his daughter would lick it off with her tongue. The child was forced to bathe appellant and at the same time straddle him while he simulated sexual intercourse with her. Finally, on two occasions appellant performed anal intercourse on his daughter. On one occasion he instructed her to place a towel in her mouth to muffle her screams; on the other he inserted into her rectum the tip of a tube of ointment commonly used to soothe teething infants to induce numbing in preparation for his assault.

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 101 *et seq.*

some penetration however slight; emission is not required.

18 Pa.C.S. § 3101.

It is a clarifying addition and not a subtraction of the traditional concept. It clearly means that any forcible penetration of the three defined orifices of the body of a female by a male is rape. Therefore, the anal penetration of the twelve-year-old female victim was rape; for which the appellant was properly convicted.

■ There is a separate sexual offense under the statute known as involuntary deviate sexual intercourse.[3] This provision is equally clear, the gravamen is the same as the crime of rape, i.e., forcible sexual penetration of a person by another, the difference is that the crime is not confined to gender or to human beings.

The purpose of the statutes is to protect against forcible sexual penetration of the three orifices of the body by making it a crime to do any or all to a victim. The forcible sexual penetration of another person is not a free choice of the type or method of penetration desired by the perpetrator. If the perpetrator does more than one on the same occasion then the perpetrator violates different protections and different interests of the victim for which separate penalties follow. Where the victim is a woman she may be injured by three different penetrations on the same occasion. Where each is separately charged, as here,[4] each may be separately punished. See Commonwealth v. Ludwig, 366 Pa.Super. 361, 531 A.2d 459 (1987) appeal granted on

---

3. 18 Pa.C.S. § 3123.

4. Appellant was charged in the criminal information with violation of the following provisions of the Crimes Code: (1) Rape: anal intercourse; (2) Statutory rape: anal intercourse with another person under the age of fourteen years; (3) Involuntary deviate sexual intercourse: anal intercourse and oral sex; (4) Indecent assault (two counts): anal intercourse, oral sex and indecent contact by sexually fondling another person; (5) Corruption of minors: indecent contact including anal intercourse and oral sex tending to corrupt the morals of a minor less than eighteen years; and (6) Criminal attempt of rape: attempt to engage in sexual intercourse constituting a substantial step toward the commission of the crime of rape.

*other grounds,* 518 Pa. 617, 541 A.2d 744 (1988); *Common-wealth v. Adams,* 296 Pa.Super. 24, 442 A.2d 277 (1982); *Commonwealth v. Wojciechowski,* 285 Pa.Super. 1, 426 A.2d 674 (1981).[5] Where the victim is male, he may likewise be separately injured, and separate penetrations charged on the same occasion may be separately punished.

The appellant was separately charged for each occasion and of each he was separately convicted. He was, there-fore, susceptible to separate punishments.

It is in the imposition of sentence in this case that error was committed. The trial judge and the Superior Court both fell into error when they allowed discrete and distinct offenses to merge for sentencing purposes.

When the trial judge merged forcible rape and statutory rape into involuntary deviate sexual intercourse, discrete offenses into one offense, and thus termed these acts "a bundle of evils", he fell into error. The clear teachings of *Commonwealth v. Rhodes,* 510 Pa. 537, 510 A.2d 1217 (1986), where Mr. Justice Larsen, speaking for the majority, after a learned comparison of the Model Penal Code and the sexual offenses delineated in 18 Pa.C.S. §§ 3121 and 3122, definitively held that forcible rape and statutory rape do not merge into a single offense. We need say no more than such is the clear mandate. The appellant was properly convicted of both and he should have been sentenced for each separately.

The appellant was separately charged and convicted of involuntary deviate sexual intercourse and for that he was properly sentenced. Involuntary deviate sexual intercourse

5. The Superior Court in *Commonwealth v. Wojciechowski,* 285 Pa.Su-per. 1, 426 A.2d 674 (1981) stated:

> It is unthinkable that a woman, once having been raped, is in the position where her attacker can then abuse her in any other fashion sexually, such as penetrating her anus or mouth with his penis, without incurring further sanctions for these separate and distinct crimes.
>
> 'Defendant cannot escape criminal liability merely because he chose to subject the victim to every possible kind of aggressive, physically abusive, sexual behavior in his depraved arsenal.'

*Id.,* 285 Pa.Superior Ct. at 9, 426 A.2d at 678 (footnote omitted).

is not a lesser included offense of rape and when there is charged one or more forcible penetrations of a man or woman they are separate offenses under that section.

■ The appellant was also separately charged and convicted of corrupting a minor, which is equally a separate offense. *See Commonwealth v. Sayko*, 511 Pa. 610, 515 A.2d 894 (1986). The consequence of which transcends any specific sexual act and is separately punishable.

■ A trial court in composing a sentence may as justice requires, utilize the options provided under the Sentencing Code, 42 Pa.C.S. § 9721. Whatever sentence is imposed can only be imposed upon a named, specific crime. Where there is more than one, each should be named of record and for each a specific sentence should be imposed according to the penalty prescribed for that offense.

Accordingly, we affirm the convictions, vacate the judgment of sentence and remand for resentencing in accordance with this opinion.

PAPADAKOS, J., files a concurring opinion.

NIX, C.J., files a concurring and dissenting opinion in which ZAPPALA, J., joins.

ZAPPALA, J., files a concurring and dissenting opinion.

PAPADAKOS, Justice, concurring.

I join the Majority opinion but write separately to emphasize in a more succinct fashion the definitions of the crimes of Rape and Deviate Sexual Intercourse, which I believe the Majority imply but do not succinctly state. Over the years, these definitions have become heavily encrusted with legal barnacles and I believe that the present case offers an opportunity to scrape away the ambiguities and restore the true nature of these crimes. Clarification can be accomplished through a series of brief definitional statements which will lay to rest all persistent confusions.

First, the crimes of Rape (3121) and Involuntary Deviate Sexual Intercourse are overlapping to the extent that they both include the acts of oral and anal sex. There is no gender distinction between them. The distinctions are traditional but not definitional. The act of rape can be committed by penetration however slight by penis or by mouth by either sex upon either sex. A male can rape a female by his penetration of any of the victim's orifices; a male can rape another male in the same fashion; and, similarly, a female can rape another female or male as well. (In Pennsylvania, regrettably, penetration by an artificial instrument or digit is not rape but does constitute indecent assault).

The only distinction between the two statutes is that under Deviate Sexual Intercourse a victim below the age of 16 cannot consent to the act. Although the overwhelming number of these crimes are committed by penis-vaginal penetration, that is merely a statistical and historical circumstance. The Commonwealth is free to charge under Rape or Deviate Sexual Intercourse. Both are felonies of the first degree. Charges are filed per assault per orifice. We should not be confused by the fact that customary usage of the term "rape" refers to a male committing vaginal penetration of a female, nor by the usual designation of sodomy as a deviate crime.

Finally, I am convinced that the Majority's use of the phrase "not his spouse" creates additional confusion in light of the fact that the express language of § 3121 (Rape) includes spousal sexual assault as defined in § 3128.

NIX, Chief Justice, concurring and dissenting.

The majority in its opinion correctly states that the crime of rape, as set forth in 18 Pa.C.S. § 3121, is the forcible penetration of any of the three defined orifices of a female by a male.[1] This interpretation follows the traditional concept of rape in the sense that rape is a male crime. *See,*

1. This offense is limited to the assault by the insertion of the male penis.

*e.g.,* Wharton's Criminal Law § 286 (14th ed. 1979).[2] Furthermore, this interpretation appears to follow the intention of the drafters of the Model Penal Code, from which the language of our statute was derived. The drafters of the Model Penal Code clearly stated that the law of rape was intended to punish male aggression against females. *See, Model Penal Code* § 213.1 comment 8 (Proposed Official Draft 1962). It is the limitation of rape to a male crime which creates the necessity for other offenses covering male intrusions by parts of the body other than the penis or intrusions by females.

Additionally, I agree with the majority that the offense of involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123,[3] is gender neutral. According to the drafters of the Model Penal Code, this statute was drafted in gender-neutral terms, despite the continued use of the word "he", and applies to sexual imposition by one male upon another or by one female upon another. Involuntary deviate sexual intercourse encompasses situations concerning homosexual assaults and assaults with bodily parts other than a penis, *i.e.,* tongue and appendages. The offense also applies to heterosexual assaults per os or per anus with a penis or other bodily part. It does not include vaginal penetration by the male penis as does rape. This distinction is the basis for characterizing the conduct as deviate intercourse under 18 Pa.C.S. § 3123 and § 3214 (voluntary deviate sexual intercourse).

2. *But, see, Commonwealth v. Henninger,* 25 D & C 3d 625 (1981) (woman charged with statutory rape); *also, see,* Soifer, *Revision of the Law of Sex Crimes in Pennsylvania and New Jersey,* 78 Dick.L.Rev. 73, 77–78 (1973).

3. **§ 3123. Involuntary deviate sexual intercourse**
   A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:
   (1) by forcible compulsion;
   (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
   (3) who is unconscious;
   (4) who is so mentally deranged or deficient that such person is incapable of consent; or
   (5) who is less than 16 years of age.

However, I cannot concur with the majority's statement, "This provision [involuntary deviate sexual intercourse] is equally clear, the gravamen is the same as the crime of rape, *i.e.*, forcible sexual penetration of a person by another, the difference is that the crime is not confined to gender or to human beings." At 1161. Involuntary deviate sexual intercourse, while containing essentially the same elements of rape, does not punish the same societal concerns as rape. The present definitions perpetuate the traditional distinction between sodomy and rape. Rape seeks to punish the violent and non-consensual element of an act of sexual intercourse. In contrast, the deviate sexual intercourse statutes, as was the case in the common law crime of sodomy, are directed to punish those sexual acts which society finds repugnant. Therefore, an assailant may be charged with rape, for the assaultive nature of the offense, and with involuntary deviate sexual intercourse, for the nature of the act itself. The nonconsensual element of deviate sexual intercourse merely exacerbates the offense. 18 Pa.C.S. § 3123. Under my view there would be no merger of these offenses. However, I find it difficult to understand how the majority could reach the position of no merger and embrace the premise that involuntary deviate sexual intercourse possesses the same gravamen as the crime of rape.

Moreover, the resolution of the issue of merger appears to have been unnecessary considering the fact that neither party sought review of that issue. The allocatur was granted for the limited purpose of resolving the split of the lower courts on the meaning of "sexual intercourse" as it is described in 18 Pa.C.S. § 3121.

Therefore, I concur in the majority's affirmance of the convictions of rape and statutory rape, but dissent on the remand for resentencing.

ZAPPALA, J., joins in this concurring and dissenting opinion.

ZAPPALA, Justice, concurring and dissenting.

While I agree with the majority's disposition of the issues raised by the Appellant, I cannot agree with its mandate on resentencing.

As laudable as the majority's intentions may be in ensuring that this Appellant not be given another opportunity for some time to perform his "bundle of evils", the majority's good deed is procedurally incorrect. Unfortunately, the Commonwealth never appealed the trial judge's imposition of sentence. Today, the majority removes its black robes and takes up the prosecutor's shield in order to vindicate the Commonwealth. If the Commonwealth did not raise the sentencing issue, why should we?