640 A.2d 904

COMMONWEALTH of Pennsylvania, Appellee,

v.

John Kenneth FRANK, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1993.

Filed March 18, 1994.

Reargument Denied May 24, 1994.

248

Todd J. O'Malley, Scranton, for appellant.

John T. Robinson, Dist. Atty., Selinsgrove, for Commonwealth, appellee.

Before KELLY, POPOVICH and BROSKY, JJ.

POPOVICH, Judge.

This is an appeal from the order of the Court of Common Pleas of Snyder County which denied appellant's request for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.* Appellant was convicted of rape and involuntary deviate sexual intercourse involving an eleven year old boy who was seeking counseling from appellant in 1982 and 1983. On direct appeal, his convictions were affirmed. *Commonwealth v. Frank*, 395 Pa.Super. 412, 577 A.2d 609 (1990), *allocatur denied*, 526 Pa. 629, 584 A.2d 312 (1990). Upon review of the present PCRA appeal, we affirm.

Herein, appellant contends that trial counsel was ineffective for failing to raise the defense of statute of limitations where

the Commonwealth did not plead or prove the tolling provisions. He also contends that counsel was ineffective for failing to review the files of Snyder County Children & Youth Services for information concerning a "unfounded" charge of sexual abuse made by the victim almost two years after appellant had ceased contact with him. Finally, appellant contends that no single sexual act should be permitted to support convictions for both rape and involuntary deviate sexual intercourse charges.

■ First, we will address appellant's allegation that his trial counsel was ineffective for failing to raise the defense of the statute of limitation where the Commonwealth failed to provide notice of its intention to toll the statute of limitation and failed to prove facts sufficient to sustain the tolling. Pursuant to the statute of limitation, 42 Pa.C.S.A. § 5552(b), the Commonwealth's prosecution of appellant on the charges of rape and involuntary deviate sexual intercourse had to occur within five years of the date the criminal acts were committed. However, pursuant to 42 Pa.C.S.A. § 5554(1), the period of limitation does not run during any time when "the accused is continuously absent from this Commonwealth or has no reasonably ascertainable place of abode or work within this Commonwealth".

Unfortunately for appellant, he fails to present a cognizable PCRA claim. To be eligible for relief, appellant's conviction must have resulted from ineffectiveness which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have transpired. 42 Pa.C.S.A. § 9543. Appellant does not allege facts to show that the truth determining process was adversely affected by the Commonwealth's alleged failure to provide notice and prove that the tolling statute was applicable. In other words, appellant has not specifically alleged that during the time period in question, he was a resident of Pennsylvania, and not one of Minnesota. *Cf., Commonwealth v. Laskaris,* 407 Pa.Super. 440, 444, 595 A.2d 1229, 1231 (1991) (appellant not eligible for PCRA relief where he alleges counsel was ineffective for failing to preserve issue that the Commonwealth did not notify him of its intent

to toll the statute of limitation, but appellant failed to allege facts which demonstrate that the truth-determining process was compromised).

In his brief, appellant contends that there is no evidence of record to support Judge Bromfield's statement that appellant was a resident of Minnesota. Appellant states that he "may have *worked* in Minnesota" but nothing supports the inference that his residence was any where but in Pennsylvania. Appellant's Brief, p. 17. However, appellant's allegation that the record does not establish that he was a resident of Minnesota is not tantamount to a declaration that he was a resident of Pennsylvania throughout the tolled period. We are mindful that appellant is before us on a petition for post-conviction collateral relief where he bears the burden of proving that the "truth-determining" process was undermined. *Cf., Commonwealth v. Franklin,* 306 Pa.Super. 382, 452 A.2d 777 (1982) (case decided under repealed Post Conviction Hearing Act).

Moreover, there is ample evidence that appellant was a resident of Minnesota during the period in question. The Criminal Complaint listed appellant's address as Rt. 5, Box 3–E, Austin, Minnesota. The arraigning magistrate's notes (for bail purposes) reveal that appellant was a resident of Minnesota for three years. Appellant admitted that he "went" to Austin, Minnesota to become the Executive Director of Girard Treatment Center, a residential, psychiatric treatment center. After leaving that position, he became a management consultant for an Iowa trucking company, and he obtained his Minnesota real estate license. See, N.T., May 24, 1989, pp. 93, 149–150. In addition, the pastor of appellant's Minnesota church testified that appellant was well known in the Austin community from November of 1985 until May of 1988. N.T., 5/25/89, pp. 14–15.

Appellant has not established that he was a resident of Pennsylvania during the limitation period. Thus, he has not proven that the truth-determining process was undermined and he is not entitled to PCRA relief. Nevertheless, were we to review appellant's claim, we would conclude it was

meritless. The law of Pennsylvania requires the Commonwealth to inform the accused of its intention to demonstrate that the statute of limitation was tolled *within a reasonable time prior to trial. Commonwealth v. Bethlehem,* 391 Pa.Super. 162, 564, 570 A.2d 563, 565 (1989), *allocatur denied,* 525 Pa. 610, 577 A.2d 542 (1990);[1] *Commonwealth v. Eackles,* 286 Pa.Super. 146, 428 A.2d 614 (1981); *Laskaris,* 595 A.2d at 1232. Herein, appellant was informed of the Commonwealth's intent to apply the tolling provision of 42 Pa.C.S.A. § 5554(1), if appellant planned to pursue the defense of the statute of limitation. Although the notice was not in writing, the record nevertheless indicates that appellant received actual notice of the Commonwealth's intentions prior to trial. The lower court specifically recalled a pre-trial discussion between the court, the prosecution and defense counsel concerning the issue. N.T., 2/19/93, p. 8. Appellant's own testimony indicates his counsel considered the limitation defense to be meritless. N.T., 2/19/93, p. 16. Counsel cannot be held ineffective for failing to raise a meritless claim. *Commonwealth v. Williams,* 532 Pa. 265, 615 A.2d 716 (1992). Further, notice of the tolling provisions may be waived where there is no prejudice to the defendant. *Laskaris,* 595 A.2d at 1232, citing, *Commonwealth v. Stockard,* 489 Pa. 209, 217–218, 413 A.2d 1088, 1092 (1980). Since appellant has not established that he was a resident of Pennsylvania throughout the appropriate time frame, we could find no prejudice, even if the Commonwealth had never provided him with notice.

■ Next, appellant contends his trial counsel was ineffective for failing to review the files of Snyder County Children & Youth Services for information concerning an "unfounded" charge of sexual abuse made by the victim almost two years after appellant had ceased contact with him. Appellant herein contends that the letter could have been used by counsel to attack the credibility of the victim. However, we find that this issue has been waived.

1. *Bethlehem,* 391 Pa.Super. 166, 570 A.2d at 565, indicates that the notice may be actual or constructive.

■ "[W]here an issue is raised in a post-conviction petition, but is not pursued at a hearing, it is deemed to be waived unless the failure to pursue the issue was not knowing and understanding." *Commonwealth v. Shaffer*, 390 Pa.Super. 610, 615, 569 A.2d 360, 363 (1990), *allocatur denied,* 525 Pa. 617, 577 A.2d 889, (1990) *citing, Commonwealth v. Payton,* 440 Pa. 184, 269 A.2d 667 (1970). In his amended PCRA petition, he contends that counsel was ineffective for failing to challenge appellant's "right to a prompt complaint." At the PCRA hearing, appellant offered the letter in question into evidence and argued that counsel was ineffective for failing to request a jury charge concerning "prompt complaint". N.T., 2/19/93, p. 31. Prior to this appeal, appellant has never alleged that counsel was ineffective for failing to attack the victim's credibility with the letter. While the two issues are similar, they are not the same. Further, appellant failed to brief either the issue he now argues or the prompt complaint issue for the lower court, and the lower court has not been afforded an opportunity to address either issue. Thus, we find that appellant either has abandoned the issue by his failure to brief the issue for the court below (assuming *arguendo* that the issues are one and the same) or has waived the issue by is failure to raise the issue below.[2]

**2.** Were we to reach this issue, we would find that appellant is not entitled to PCRA relief since appellant has failed to establish that counsel's ineffectiveness undermined the truth-determining process. 42 Pa.C.S.A. § 9543(a)(2)(ii). Even if we assume *arguendo* that counsel was ineffective for failing to make use of the letter authored by Snyder County Children & Youth Services to attack the victim's credibility, it is clear from a review of the record that counsel did question the victim's credibility sufficiently to insure a reliable adjudication of guilt. Counsel specifically attacked the victim's credibility by extensively cross-examining him about, *inter alia*, his delay in reporting of appellant's sexual molestation and about the victim's contemporaneous sexual relationship with his adoptive brother.

More to the point, counsel was not ineffective for failing to use the document on cross-examination since appellant has presented no evidence that counsel ever knew about the document or could have discovered the same. Contrary to appellant's representations, counsel performed exhaustive pre-trial discovery, including an attempt to subpoena the records of the Snyder County Children & Youth Services. An *in camera* review of the file was performed by the lower court in compliance with *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94

■ Finally, appellant contends that no single sexual act should be permitted to sustain convictions for both rape and involuntary deviate sexual intercourse, i.e., merger is required. This argument fails for two reasons: First, the evidence revealed that appellant engaged in both oral and anal sexual intercourse with the victim. Thus, the two convictions rested upon two separate acts. *Cf., Commonwealth v. Hitchcock,* 523 Pa. 248, 565 A.2d 1159 (1989) (rape and involuntary deviate sexual intercourse do not merge where there are separate penetrations); *Commonwealth v. Vanderlin,* 398 Pa.Super. 21, 580 A.2d 820 (1990) (attempted rape did not merge with attempted involuntary deviate sexual intercourse where factual basis was different for crimes, despite both charges arising from a single sexual attack).

■ Second, except for lesser included offenses, the doctrine of merger based upon whether the Commonwealth has an interest in prosecuting a criminal defendant for more than one crime has been abrogated and abolished. *Commonwealth v. Williams,* 521 Pa. 556, 563, 559 A.2d 25, 29 (1989). Herein, appellant was convicted of rape, defined as "sexual intercourse with another person not his spouse ... by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution". 18 Pa.C.S.A. § 3121(2). In *Hitchcock,* 523 Pa. 250, 565 A.2d at 1160, our Supreme Court clearly stated that "anal penetration by a male of another person, not his spouse, is rape." Appellant was also convicted of involuntary deviate sexual intercourse, defined as "deviate sexual intercourse with another person ... *who is less than 16 years of age.*" (Emphasis added.) Consequently, the two crimes are not lesser included offenses of one another, and merger is not appropriate (even if appellant had been convicted of only engaging in anal intercourse with the victim).

L.Ed.2d 40 (1987), after which various documents were released to counsel. It appears that the letter was not one of the documents released. However, it is clear that appellant himself possessed a copy of the letter in question, and, yet, he could not recall whether he provided counsel with a copy of the letter. N.T., 2/19/93, pp. 32–33.

 Appellant also states that prior counsel was ineffective for failing to argue that a male cannot "rape" another male, and, thus, his rape conviction should be vacated. Although traditionally rape has been considered a crime perpetrated by males against females, see *Hitchcock, supra* (Concurring and dissenting opinion by Nix, C.J.), the rape statute is *gender neutral* in regards to the victim of the sexual assault, and we see no reason why it should not also encompass sexual assaults committed by males against males. In fact, the majority in *Hitchcock, supra,* intimated just such a result, when it stated: "[A]nal penetration by a male of another *person,* not his spouse is rape"; and when it questioned: "Where the victim [of rape] is male...." *Id.,* 565 A.2d at 1160, 1161. More direct, in his concurring and dissenting opinion in *Hitchcock, supra,* Justice Zappala specifically stated, "a male can rape another male...." *Id.,* 565 A.2d at 1162; *Cf., Commonwealth v. Fouse,* 417 Pa.Super. 534, 612 A.2d 1067 (1992) (anal penetration by father upon son is sexual intercourse as defined in the Crimes Code). Since the issue underlying appellant's assertion of error is meritless, counsel cannot be found ineffective. *Commonwealth v. Fierst,* 423 Pa.Super. 232, 620 A.2d 1196, 1200–1201 (1993).

PCRA order affirmed.