452 Pa. Superior Ct. 7 (1996)
680 A.2d 1168
COMMONWEALTH of Pennsylvania
v.
K.M., Appellant.
Superior Court of Pennsylvania.
Submitted March 11, 1996.
Filed July 12, 1996.
*8 *9 William J. McCabe, Greensburg, for appellant.
Karen A. Gelety, Assistant District Attorney, Greensburg, for Commonwealth, appellee.
Before CIRILLO, President Judge Emeritus, and DEL SOLE and HOFFMAN, JJ.
HOFFMAN, Judge.
This is an appeal from a November 6, 1995 order denying appellant K.M.'s petition after hearings under the Post Conviction Relief Act (PCRA). Appellant now raises the following issues for our review:
I. WHETHER APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE BEFORE THE SUPERIOR COURT, IN THE CONTEXT OF AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, THE FAILURE OF TRIAL COUNSEL TO RAISE IN POST-TRIAL *10 MOTIONS, THE SUFFICIENCY OF THE EVIDENCE TO SUSTAIN THE APPELLANT'S CONVICTION FOR RAPE, STATUTORY RAPE AND INCEST.
II. WHETHER APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE, IN THE CONTEXT OF AN INEFFECTIVE ASSISTANCE CLAIM, THE FAILURE OF TRIAL COUNSEL TO INTRODUCE IN THE DEFENSE CASE EXPERT MEDICAL TESTIMONY TO REBUT THE TESTIMONY OF LARRY KACHIK, M.D., AND DENISE BILLEN, M.D.
III. WHETHER APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO ADEQUATELY BRIEF BEFORE THE SUPERIOR COURT THE ISSUE OF THE INTRODUCTION OF THE PRIOR CONSISTENT STATEMENTS OF THE VICTIM, A.M., THROUGH THE TESTIMONY OF DR. WITCHELL AND DETECTIVE WILLIAMS.
Appellant's brief at 15.
The victim A.M. was born to appellant and R.M. on February 17, 1984. On August 29, 1989, appellant was arrested for allegedly sexually abusing her daughter A.M. at various times between December 1986 and September 1987. After a four day trial in January 1990, a jury found appellant guilty of one count of rape,[1] statutory rape,[2] involuntary deviate sexual intercourse,[3] and incest,[4] and two counts each of corruption of minors,[5] indecent assault,[6] and endangering the welfare of children.[7] On August 29, 1990, appellant was sentenced to an aggregate sentence of ten (10) to twenty (20) years imprisonment on all charges. Following the denial of post-trial motions, appellant filed a timely appeal to this Court and retained *11 new appellate counsel. After this Court affirmed her convictions on December 31, 1991, appellant filed a pro se PCRA petition. PCRA counsel was thereafter appointed to represent appellant. After three days of hearings, the PCRA court dismissed appellant's petition, and this timely appeal followed.
In reviewing the dismissal of a PCRA petition, "[w]e are limited to determining whether the lower court's findings are supported by the record and its order is otherwise free from legal error." Commonwealth v. McCord, 435 Pa.Super. 1, 8, 644 A.2d 1206, 1209 (1994), appeal denied, 543 Pa. 725, 673 A.2d 332 (1996).
Appellant's first two issues concern appellate counsel's ineffectiveness in failing to raise on appeal the ineffectiveness of her trial counsel. When raising an ineffectiveness claim in the context of the PCRA, it is well-settled that appellant must present a claim of arguable merit, show that the particular course chosen by counsel lacked any reasonable basis, demonstrate that counsel's commission or omission prejudiced her, as well as prove that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Douglas, 537 Pa. 588, 597, 645 A.2d 226, 230 (1994).[8]
Appellant's first ineffectiveness claim is that her trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence for her rape, statutory rape, and incest convictions. Appellant's underlying claim is that her conduct does not fit the statutory definition for these three crimes because she, as a female, cannot be convicted of the crimes of rape, statutory rape, or incest of another female in Pennsylvania.
*12 Under Pennsylvania law, rape is defined as "a person ... engag[ing] in sexual intercourse with another person not his spouse...."[9] 18 Pa.C.S. § 3121. Sexual intercourse, "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101.
In Commonwealth v. Hitchcock, 523 Pa. 248, 251, 565 A.2d 1159, 1161 (1989), our Supreme Court defined rape as "any forcible penetration of the three defined orifices of the body of a female by a male...." In a concurring opinion to Hitchcock, Justice Papadakos attempted to clarify the majority's definition of rape:
[T]he crimes of Rape (3121) and Involuntary Deviate Sexual Intercourse are overlapping to the extent that they both include the acts of oral and anal sex. There is no gender distinction between them. The distinctions are traditional but not definitional. The act of rape can be committed by penetration however slight by penis or by mouth by either sex upon either sex. A male can rape a female by his penetration of any of the victim's orifices; a male can rape another male in the same fashion; and similarly, a female can rape another female or male as well.
Id. at 254, 565 A.2d at 1162. In cases subsequent to Hitchcock, we have adopted Justice Papadakos' reading of the statute. See Commonwealth v. Lee, 432 Pa.Super. 414, 426, 638 A.2d 1006, 1012 (1994) (applying Justice Papadakos' definition of rape, and stating that rape "is a gender neutral crime that encompasses [involuntary deviate sexual intercourse] in most cases"); cf. Commonwealth v. Fouse, 417 Pa.Super. 534, 540, 612 A.2d 1067, 1070 (1992) (stating that "a mother who engaged in vaginal intercourse with her son would be guilty of incest," which is defined as a person knowingly having sexual *13 intercourse with a descendant).[10]
Thus, as the evidence at trial, viewed in the light most favorable to the Commonwealth, demonstrated that appellant used her lips to penetrate her daughter's sex organs, we find that such behavior supports a conviction for rape under 18 Pa.C.S. § 3121 and our Hitchcock progeny interpreting the statute. Moreover, as the victim was a minor and a descendant of appellant, the evidence also was sufficient to support appellant's convictions for statutory rape and incest. See 18 Pa.C.S. § 3122 (statutory rape occurs when "[a] person who is 18 years of age or older ... engages in sexual intercourse with another person not his spouse who is less than 14 years of age"); 18 Pa.C.S. § 4302 (incest occurs when "[a] person... knowingly ... has sexual intercourse with ... a[] descendant...."). Consequently, as appellant's sufficiency contentions lack arguable merit, we dismiss this claim. See Commonwealth v. Correa, 437 Pa.Super. 1, 648 A.2d 1199 (1994) (counsel cannot be ineffective for failing to file groundless challenge to sufficiency of the evidence claim), appeal denied, 540 Pa. 617, 657 A.2d 487 (1995).
Appellant's next ineffectiveness claim is that her trial and appellate counsel were ineffective for not presenting expert testimony to rebut the Commonwealth's expert witnesses.
To establish ineffective assistance of counsel for the failure to present an expert witness, appellant must present facts establishing that counsel knew or should have known of the particular witness. See Commonwealth v. Carter, 443 Pa.Super. 231, 242, 661 A.2d 390, 395 (1995), appeal denied, 544 Pa. 623, 675 A.2d 1242 (1996); Commonwealth v. Holloway, 524 Pa. 342, 351, 572 A.2d 687, 692 (1990). Moreover, trial counsel need not introduce expert testimony on a client's behalf if counsel is able to effectively cross-examine prosecution *14 witnesses and elicit helpful testimony. Holloway, 524 Pa. at 352, 572 A.2d at 692.
The record indicates that trial counsel made diligent efforts to locate an expert, as she testified at the PCRA hearing that she had discussions with various experts regarding appellant's case. Moreover, while appellant's PCRA counsel presented an expert at the PCRA hearing who testified that the Commonwealth's experts could not have concluded with a reasonable degree of medical certainty that the victim was sexually abused, appellant did not demonstrate that this witness would have been available prior to trial. Carter, supra; Holloway, supra. In addition, appellant's PCRA expert made his conclusions without personally examining the victim, and only from the documents handed to him by PCRA counsel. Finally, the record shows that appellant's trial counsel vigorously cross-examined the Commonwealth's expert witnesses, and that the jury found these witnesses credible. See Holloway, supra (unsuccessful attempt to impeach Commonwealth witness was not ineffective assistance of trial counsel, as jury was entitled to find that Commonwealth witnesses were more credible than the appellant). Accordingly, we find that trial counsel was not ineffective for relying solely on cross-examination as a matter of trial strategy, and dismiss this claim. Douglas, supra.
Appellant also claims that her appellate counsel was ineffective for failing to present an adequate argument in her appellate brief on whether prior consistent statements of the victim were improperly introduced through the testimony of the victim's psychologist, Dr. Robert Witchell, and Detective Jim Williams.
Upon our initial appellate review of this issue, we stated:
Appellant's brief has failed to set forth any specific objections and has only regurgitated law in isolation of any factual averments. Appellant's failure to cite to the record where the claim arises precludes our review of this issue. Commonwealth v. Rozanski, 289 Pa.Super. 531, 433 A.2d 1382 (1981). See also Pa. R.A.P. 2119(c), (e).
*15 Com. v. K.M., Superior Court Memorandum, No. 01366 Pgh 90, filed December 31, 1991, at 12. We have reviewed PCRA counsel's attempt to reframe this argument, and still find no specific citations to the record nor sufficient elaboration of this argument to enable us to adequately review this claim. Consequently, we will not review this issue.
As the lower court's findings are factually and legally supported by the record, we affirm the order denying post-conviction collateral relief.
Order affirmed.
NOTES
[1] 18 Pa.C.S. § 3121.
[2] 18 Pa.C.S. § 3122.
[3] 18 Pa.C.S. § 3123.
[4] 18 Pa.C.S. § 4302.
[5] 18 Pa.C.S. § 6301.
[6] 18 Pa.C.S. § 3126.
[7] 18 Pa.C.S. § 4304.
[8] We note that these claims are not waived despite appellate counsel's failure to raise them on appeal, as an allegation that all counsel below were ineffective constitutes "extraordinary circumstances" sufficient to escape waiver. See Commonwealth v. Griffin, 537 Pa. 447, 644 A.2d 1167 (1994).
[9] We recognize that the statutory language contains the pronoun "his," but do not find any particular legislative intent behind the use of the gender-specific pronoun. See, e.g., 18 Pa.C.S. § 2502 ("A person is guilty of criminal homicide if he intentionally ... causes the death of another human being.").
[10] In Commonwealth v. Frank, 433 Pa.Super. 246, 640 A.2d 904 (1994), we held that the rape statute is gender neutral in regard to the victim of the sexual assault, but did not comment on whether the perpetrator must be male or female.