J-A06016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY LYNN BOWSER | : | |
| | : | |
| Appellant | : | No. 619 WDA 2021 |

Appeal from the PCRA Order Entered April 8, 2021
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001082-2016

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: June 3, 2022**

Terry Lynn Bowser ("Bowser") appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court set forth the following factual and procedural history:

> [In] June [] 2016, [Bowser] was arrested for sexually assaulting two minors under the age of 13. Bowser was subsequently charged with over 40 counts of sex[-]related offenses . . ..
>
> While [Bowser's] case was pending, phone conversations from the Mercer County Jail, specifically those regarding [Bowser's] possession of several firearms, were recorded. The Commonwealth . . . amend[ed] the Information to add [firearms] charges [to] allow [Bowser] to enter a guilty plea to four counts of Person Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms under 18 Pa.C.S.A. § 6105(a)(1). [The parties

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See_** 42 Pa.C.S.A. §§ 9541-9546.

agreed that] [u]pon [Bowser's] no contest plea, all sex[-]offense charges would be dismissed . . ..

* * * *

[In] March [] 2017, [Bowser] entered a no contest plea for the gun offenses.

[In] May [] 2017, [the trial court] sentenced [Bowser] to 17 to 40 years of incarceration according to the plea agreement . . . . After sentencing . . . [Bowser] filed a *pro se* motion requesting his no contest plea be withdrawn despite having private counsel of record. Because [Bowser] raised issues regarding ineffective assistance of counsel, [the] [c]ourt appointed . . . standby counsel for the hearing on [the] motion. [At the hearing, trial and standby counsel appeared with Bowser. Bowser consulted with both trial and standby counsel, declined the court's offer to continue the case, opted to remain with trial counsel, and said that he would "stand by [his] motion."] After the hearing . . . [the] [c]ourt denied [Bowser's] Motion to Withdraw No Contest Plea. [One of Bowser's two trial attorneys] was permitted to withdraw as counsel the same day after a hearing on her motion to withdraw.

On June 6, 2017, [Bowser] filed a *pro se* notice of appeal. Thereafter . . . [Bowser's second trial attorney] was permitted to withdraw [and the trial court appointed appellate counsel] . . ..

[In] August [] 2018, the Pennsylvania Superior Court affirmed [the] judgment of sentence. [In] August [] 2019, [Bowser] privately retained [counsel] and . . . filed a [timely] Petition for Relief Under the Post [] Conviction Relief Act . . .. On April 8, 2021, [the PCRA] [c]ourt[, following an evidentiary hearing,] dismissed [Bowser's PCRA] petition.

PCRA Court Opinion, 7/22/21, at 1-3 (unnecessary capitalization omitted, italics added). Bowser timely appealed,[2] and both he and the PCRA court complied with Pa.R.A.P. 1925.

Bowser raises the following issue for our review: "Did the PCRA court err by concluding that trial counsel rendered effective assistance and did not abandon Mr. Bowser in the post-sentence stage?" Bowser's Brief at 10.

Before reviewing the merits of Bowser's issue, we must first determine whether he has preserved this issue for our review. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Reid,* 99 A.3d 470, 494 (Pa. 2014) (holding that a claim not raised in a PCRA petition cannot be raised for the first time on appeal, but is instead waived). Moreover, "where an issue is raised in a post-conviction petition, but is not pursued at a hearing, it is deemed to be waived unless the failure to pursue the issue was not knowing and understanding." *Commonwealth v. Shaffer*, 569 A.2d 360, 363 (Pa. Super. 1990); *see also Commonwealth v. Frank*, 640 A.2d 904, 907 (Pa. Super. 1994) (finding waiver on appeal of a PCRA issue not advanced in the PCRA court).

---

[2] The PCRA court denied relief on April 8, 2021. Bowser had thirty days to appeal from this order. The deadline to appeal was May 8, 2021, which fell on a Saturday. Bowser thus had until May 10, 2021 to timely appeal. He filed his notice of appeal on May 10, 2021. *See* Pa.R.A.P. 903(a), cmt.

The PCRA court concluded that Bowser has waived his issue alleging trial counsel's abandonment at the post-sentence motion stage because he did not raise it in his PCRA petition or pursue it at his PCRA evidentiary hearing. *See* PCRA Court Opinion, 7/22/21, at 6-7. The PCRA court noted that, in his petition, and at that hearing, Bowser's only claims concerning his post-sentence motion were that **appellate counsel** ineffectively pursued it. *Id*. at 6-7. The PCRA court therefore found Bowser's claim of trial counsel's ineffectiveness waived.

After careful review, we discern no error with the PCRA court's finding that Bowser has waived this issue. On appeal, Bowser argues that trial counsel were ineffective for abandoning him and failing to file a "valid post-sentence motion[]," and for declining to call witnesses or make argument at the hearing on the post-sentence motion. Bowser's Brief at 12. However, neither in his PCRA petition, nor at the PCRA evidentiary hearing, did Bowser advance the claim that trial counsel abandoned him at the post-sentence motion stage. *See* N.T., 9/8/20, at 89-90.[3] Bowser thus failed to preserve

_____

[3] The only claim concerning trial counsel that Bowser included in his petition, and advanced at the hearing, was his allegation that both trial and appellate counsel were ineffective for failing to "challenge[] the length of [] Bowser's sentence." *See* PCRA Petition, 8/9/19, at ¶¶ 16.1.3 – 16.1.4 *and* N.T., 9/8/20, at 89-90. The other two claims in his petition that he advanced at the hearing, were limited to **appellate counsel's** stewardship of the hearing on his post-sentence motion. *See* PCRA Petition, 8/9/19, at ¶¶ 17.1.5 – 17.1.6, 18.5 *and* N.T., 9/8/20, at 89-90. *Accord* Argument in Support of Petition for Post-Conviction Relief, 10/26/20, at 1 (unnumbered) (confirming
*(Footnote Continued Next Page)*

this challenge to trial counsel's effectiveness regarding his post-sentence

motion. He has accordingly waived this issue for our review.[4]

Order affirmed.

_____

which claims Bowser was advancing at the evidentiary hearing). Bowser's claim was that he, through his fiancée, had retained appellate counsel around the time of his post-sentence motion, and that the *appellate* attorney improperly advised him about how to proceed with the motion and failed to appear for the hearing. *See, e.g.*, N.T., 9/8/20, at 12-13, 77-80, 88-90.

[4] To the extent that, in his post-hearing brief, Bowser alleged the ineffectiveness of all prior counsel regarding his post-sentence motion, *see* Argument, 10/26/20, at 1 (unnumbered), that assertion is insufficient to preserve his claim for our review. *See Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014) (providing that a PCRA petitioner may not amend a pending petition to include a new claim via a supplemental pleading; per Pa.R.Crim.P. 905, amendment is permitted only by direction or leave of the PCRA Court; and any claims not raised in an amended petition are waived).

We moreover note that Bowser's claim that trial counsel abandoned him, even if preserved, merits no relief. Bowser had representation at the hearing on his post-sentence motion in the form of both trial counsel and standby counsel. He declined the court's offer to continue the hearing; he stated multiple times that he stood by his motion; he opted to remain with trial counsel; and standby counsel discussed with Bowser the need to preserve issues in his motion if he wanted appellate review of them, and trial counsel concurred. *See* N.T., 6/2/17, at 3-6. *Accord* Trial Court Opinion, 7/22/21, at 7 n.2 (PCRA court concluding this claim, if preserved, is meritless because trial and standby counsel appeared at the hearing on the post-sentence motion and participated). Under these circumstances, Bowser's claim of abandonment is unavailing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2022