J-S04005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD DICKENS | : | |
| | : | |
| Appellant | : | No. 1068 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001427-2020

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                      **FILED APRIL 26, 2024**

Gerald Dickens appeals from the judgment of sentence of ten to twenty years of imprisonment imposed on convictions for, *inter alia*, rape, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, and sexual assault.  We affirm in part and vacate in part.

Appellant's convictions are based upon his sexual assaults of his daughter, J.D.  At trial, and in a forensic interview also admitted into evidence, J.D. explained that Appellant's sexual abuse began around 2010 when she was five years old, last occurred when she was eleven or twelve, and involved his penetration of her vagina with his mouth and his fingers.  J.D. did not tell anyone about it at the time because she was afraid that Appellant would hurt her, as he had been physically abusive since she was young, and only unburdened herself to her aunt when the aunt discovered that J.D. had been

self-harming. *See* N.T. Trial, 5/19/22, at 13-28; Commonwealth Exhibit 1 (video recording at 19:20-29:30).

Appellant was charged with twenty-three criminal counts, and he opted to waive his right to a jury trial. Following a bench trial held on May 19, 2022, the court convicted him of the offenses listed above, among others.[1] According to the trial court, the convictions were founded upon four specific incidents of abuse:

> (1) one instance in which [Appellant] penetrated J.D.'s vagina with his tongue, (2) J.D.'s subsequent statement that such oral penetrations occurred "multiple times" (meaning on multiple occasions), (3) one instance in which [Appellant] forced J.D. to touch his genitals, and (4) one instance in which [Appellant] digitally penetrated J.D.'s vagina.

Trial Court Opinion, 6/14/23, at 1 (cleaned up).[2]

On December 8, 2022, the trial court sentenced Appellant as noted *supra*. He filed a timely post-sentence motion alleging that some of his convictions were unsupported or should have merged for sentencing purposes. The motion was denied by operation of law on April 18, 2023, and

---

[1] Appellant was also convicted of one or more counts of indecent assault, unlawful contact with a minor, and endangering the welfare of children. Appellant does not challenge his sentences for those convictions in this appeal.

[2] J.D. described the first penetration of her vagina by Appellant's tongue as follows: "I was woken up when he moved, like near my leg and then he like pulled them apart and I was afraid, so I pretended that I was still asleep." N.T. Trial, 5/19/24, at 16. She indicated that this "same thing" happened "multiple times." *Id*. at 19-20. Without more information about the number of occurrences of oral penetration, the trial court concluded that this testimony proved two occurrences beyond a reasonable doubt.

this timely appeal followed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement and he timely complied. The trial court then authored a Rule 1925(a) opinion.

Appellant presents the following questions for our consideration:

1. Should one of Appellant's rape convictions and all of Appellant's IDSI convictions merge with the remaining two rape convictions?

2. Should Appellant's sentences for aggravated indecent assault at counts 3, 17, 18, and 19 merge under Appellant's sentence for aggravated indecent assault at count 20?

3. Should Appellant's conviction for sexual assault at count 4 merge with Appellant[']s rape convictions?

Appellant's brief at 7.

We begin with a review of the principles applicable to adjudicating Appellant's claims. Whether convictions merge for purposes of sentencing is a question of law that implicates the legality of the sentence. *See*, *e.g.*, *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). Accordingly, we undertake a *de novo*, plenary review. *Id*.

Our legislature has addressed the merger of sentences in the following statute:

**§ 9765. Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. Hence, "merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." ***Commonwealth v. Kimmel***, 125 A.3d 1272, 1276 (Pa.Super. 2015) (*en banc*) (cleaned up).

Here, Appellant focuses his entire two-page argument on whether certain convictions were based upon the same instance of abuse. ***See*** Appellant's brief at 9-10. As the Commonwealth aptly highlights, however, Appellant then summarily claims that some offenses merge, "without performing any merger analysis or citing apposite caselaw[.]" Commonwealth's brief at 5. Indeed, Appellant does not even acknowledge the applicable legal principles, let alone articulate or contend that the elements of some offenses were wholly included within others for which he was sentenced.

An attack on the legality of a sentence is not subject to the usual issue preservation requirements and, therefore, "[a]n appellate court may address, and even raise *sua sponte*, challenges to the legality of an appellant's sentence" when it otherwise would find it waived. ***Commonwealth v. Armolt***, 294 A.3d 364, 376 (Pa. 2023). Nonetheless, "regardless of whether a particular claim implicates the legality of a sentence, it is well settled that an appellant bears the burden of sufficiently developing his arguments to facilitate appellate review." ***Id***. By not referencing the law applicable to

sentencing merger, or even mentioning the elements of the offenses he contends should have merged, Appellant plainly failed to develop his arguments and we could find his issues waived. *Id*. at 378 ("[E]ven with respect to legality of sentencing claims, appellate courts retain discretion to enforce procedural rules . . . and require such claims be properly presented at the time they are raised in order to obtain review thereof." (cleaned up)).

However, the trial court agreed that there is merit to Appellant's challenges, albeit without itself performing a comparison of statutory elements. The Commonwealth, which in its brief does address the elements of the offenses, likewise concedes the illegality of some of the sentences. Thus, despite the glaring deficiencies in Appellant's brief, we choose to address the issues herein as if we were raising the legality of the sentences *sua sponte*, rather than requiring him to seek relief through the Post Conviction Relief Act.

We first consider whether Appellant was validly sentenced on all three rape convictions. Appellant was convicted of, and received concurrent sentences of, ten to twenty years of confinement for each of the following three subsections of the rape statute:

> **(a) Offense defined.**--A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:
>
> > (1) By forcible compulsion.
> >
> > (2) By threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.
> >
> >  . . . .

> **(c) Rape of a child.**--A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than [thirteen] years of age.

18 Pa.C.S. § 3121. We observe that sexual intercourse, "[i]n addition to its ordinary meaning, includes intercourse *per os* or *per anus*, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101. Forcible compulsion means "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." *Id*.

Appellant contends that, since digital penetration of the vagina does not constitute sexual intercourse,[3] there were only two instances of sexual intercourse found by the court and, consequently, only two convictions and sentences for rape can be sustained. **See** Appellant's brief at 9. As the Commonwealth notes, Appellant's "perfunctory argument seems to imply that he could not be convicted under separate subsections of the same statute for a single course of conduct," and that "he can only be sentenced on one crime per criminal act." Commonwealth's brief at 7 n.2.

It is beyond peradventure "that a single course of conduct may constitute a violation of more than one statutory provision." **Commonwealth v. Kriegler**, 127 A.3d 840, 844 (Pa.Super. 2015); **see also** 42 Pa.C.S.

---

[3] **See Commonwealth v. Kelley**, 801 A.2d 551, 555-56 (Pa. 2002) (providing that digital penetration can be classified as sexual intercourse or deviate sexual intercourse only it is of the mouth or anus because the statutory definitions of those terms do not include digital penetration of the vagina).

§ 9303 ("[W]here the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes."). As discussed above, the imposition of separate punishments for multiple convictions founded upon the same criminal act is only improper if all the statutory elements of one offense are included within the other. *See* ***Kimmel***, 125 A.3d at 1276; 42 Pa.C.S. § 9765.

Manifestly, each of Appellant's three rape convictions required proof of an element not included in the others. The Commonwealth cogently explains: "Rape of a child requires only that the complainant be under the age of [thirteen], but does not require the use of force or a threat in commission of the crime. Rape by force and rape by threat do not have an age element, but require the use of force and the use of a threat, respectively." Commonwealth's brief at 7. Accordingly, none of Appellant's rape sentences merged, even if all three convictions were premised upon a single instance of penetration.[4] ***Accord Commonwealth v. Hitchcock***, 565 A.2d 1159, 1162 (Pa. 1989) ("[F]orcible rape and statutory rape do not merge into a single offense. We need say no more than such is the clear mandate. The appellant

_____

[4] Since, as noted above, J.D. described one rape and indicated that the same thing happened multiple times, no evidence factually distinguishes one from the other. Thus, the trial court must have concluded that the scenario she described involved both forcible compulsion and threat of forcible compulsion. The significance of all rape convictions being sustained by one of the two instances is discussed *infra*.

was properly convicted of both and he should have been sentenced for each separately.").

Next, Appellant asserts that his three IDSI convictions merged with his rape convictions.[5] Again, he bases that on the notion, which we just dispelled, that he could only be punished for one crime for each time he penetrated his daughter's vagina with his tongue. *See* Appellant's brief at 9. Rather, we determine the legality of these sentences by considering whether they were based upon the same criminal act and whether all the elements of one offense are included within the other.

The statute defining the offense of IDSI states as follows in pertinent part:

> **(a) Offense defined.**--A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:
>
>     . . . .
>
>     (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution; [or]
>
>     . . . .
>
>     (7) who is less than [sixteen] years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

_____

[5] The court sentenced Appellant to ten to twenty years of incarceration for each IDSI conviction, with all running concurrently with each other and with the sentences for his three rape convictions and his conviction for aggravated indecent assault of a child.

**(b) Involuntary deviate sexual intercourse with a child.**--A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than [thirteen] years of age.

18 Pa.C.S. § 3123. Deviate sexual intercourse means:

Sexual intercourse *per os* or *per anus* between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures.

18 Pa.C.S. § 3101.

Appellant was not convicted of a rape offense due to his being four years older than a victim who was less than sixteen, nor an IDSI offense premised upon forcible compulsion, so there is no basis for merger of his § 3121(a)(1) or § 3123(a)(7) convictions even if based upon the same criminal act. However, this Court has held that "the statutory elements of rape of a child and IDSI with a child, where the underlying act is oral sex, are the same." *Commonwealth v. Brown*, 159 A.3d 531, 534 (Pa.Super. 2017). Hence, if Appellant's child-rape convictions for violating § 3121(c) and § 3123(b) are based upon the same criminal act, then they would merge for sentencing purposes. Similarly, if the threat-of-forcible-compulsion convictions pursuant to § 3121(a)(2) and § 3123(a)(2) are founded on the same criminal act, they too would merge.

The Commonwealth asserts that the rape and IDSI convictions did not arise from the same criminal acts. Specifically, the Commonwealth argues:

> [Appellant] inserted his tongue into the victim's vagina on two occasions. [He] thus subjected the victim to two separate acts of sexual intercourse or deviate sexual intercourse. These acts are separately capable of sustaining [Appellant]'s rape and IDSI convictions, such that none of [Appellant]'s IDSI convictions arose from the same criminal act as his rape convictions. In other words, [Appellant]'s first act of penetration was sufficient to sustain each of his rape convictions, and his second act was sufficient to separately sustain each of his IDSI convictions. Since [Appellant]'s rape and IDSI convictions did not arise from the same criminal act, they appropriately did not merge for sentencing, notwithstanding any shared elements.

Commonwealth's brief at 8-9 (cleaned up).

We agree. If the Commonwealth had proved only one instance of oral penetration, then some of the IDSI sentences would merge with the corresponding rape convictions based upon the overlap of statutory elements. Yet the Commonwealth proved that the same set of circumstances occurred at least two times. Therefore, applying the appropriate *de novo* review of the evidence, Appellant was properly sentenced for each of the rape convictions based upon one of the criminal acts, and for each of the IDSI convictions for the second criminal act. Merger does not apply.

Appellant's next challenge concerns his sentences for aggravated indecent assault. He was convicted of five counts of that offense, one for each of the following statutory provisions:

> **(a) Offenses defined.**--Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other

than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

> (1) the person does so without the complainant's consent;

> (2) the person does so by forcible compulsion;

> . . . .

> (7) the complainant is less than [thirteen] years of age; or

> (8) the complainant is less than [sixteen] years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

**(b) Aggravated indecent assault of a child.--**A person commits aggravated indecent assault of a child when the person violates subsection (a)(1), (2), (3), (4), (5) or (6) and the complainant is less than [thirteen] years of age.

**(c) Grading and sentences.**--

> (1) An offense under subsection (a) is a felony of the second degree.

> (2) An offense under subsection (b) is a felony of the first degree.

18 Pa.C.S. § 3125. Pertinent to Appellant's sentencing challenge, the trial court imposed a sentence of five to ten years of confinement for the subsection (b) conviction, and concurrent terms of five years of probation for the four subsection (a) convictions.

Appellant asserts that each of his subsection (a) convictions, all premised upon the single occurrence of his digital penetration of J.D.'s vagina that supported his guilt under subsection (b), merged into the subsection (b) conviction for sentencing purposes. *See* Appellant's brief at 9-10. The

- 11 -

Commonwealth concedes that Appellant was improperly sentenced separately for his subsection (a)(1) violation because a finding of "'forcible compulsion subsumes a lack of consent.'" Commonwealth's brief at 11 (quoting ***Commonwealth v. Banniger***, 303 A.3d 1085, 1093 (Pa.Super. 2023)).

However, the Commonwealth argues that subsections (a)(2), (a)(7), (a)(8), and (b) do not merge. It observes that subsection (b) requires both proof that the victim was less than thirteen and also proof of an enumerated subsection(a) offense, such as the use of force that is an element of (a)(2). It maintains that, since (a)(2) contains no age element, (a)(7) includes no force requirement, and (a)(8) specifies no use of force but does add elements concerning age and marital status, each subsection has unique elements. ***See*** Commonwealth's brief at 10.

We address each of the § 3125(a) convictions *seriatim*. Concerning Appellant's subsection (a)(1) conviction, we concur with both parties that it merged into (a)(2) for sentencing purposes because "forcible compulsion encompasses a lack of consent[.]"). ***See Commonwealth v. Buffington***, 828 A.2d 1024, 1031 (Pa. 2003). That sentence must be vacated.

Regarding subsection (a)(2) and (a)(7), we agree with Appellant that he could not be separately sentenced for these convictions in addition to his sentence for violating (b). Based upon the plain language of the statute, violations of subsection (a)(2) and (a)(7) are both elements that had to be proven to sustain the subsection (b) conviction. In other words, both of those

second-degree felonies are lesser offenses included within subsection (b). Consequently, the sentences for both of those second-degree felony convictions must also be vacated, as those offenses merge into the first-degree felony defined by subsection (b). **See** 42 Pa.C.S. § 9765 ("Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.").

As for Appellant's subsection (a)(8) conviction, the Commonwealth is correct that it does not merge with any other § 3125 conviction since the elements concerning the age of less than sixteen, a four-year age difference, and the lack of a marital relationship are exclusive to that provision. In the absence of a complete subsumption of elements within another offense, merger does not result even though the convictions were based upon the same criminal act. **Accord Commonwealth v. Merced**, 308 A.3d 1277, 1282 (Pa.Super. 2024) (holding convictions for IDSI of a child and IDSI of a person under sixteen, while based upon one criminal act, did not merge for sentencing purposes).

In sum, upon review of Appellant's challenges to his multiple aggravated indecent assault sentences, we conclude that the only permissible sentences that Appellant received were those imposed for his subsection (a)(8) and (b) convictions. All other aggravated indecent assault convictions merged for sentencing purposes. Accordingly, while we affirm the sentences imposed for

§ 3125(a)(8) and (b), we vacate the sentences for § 3125(a)(1) (count three of the information), (a)(2) (count seventeen), and (a)(7) (count eighteen).

Appellant's final contention is that he was illegally sentenced to five years of probation for sexual assault in addition to his sentences for rape and IDSI. **See** Appellant's brief at 10. Here we must again agree that relief is due. Sexual assault is defined as follows: "Except as provided in [§] 3121 (relating to rape) or 3123 (relating to [IDSI]), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. Our Supreme Court has held that sexual assault is a lesser-included offense of rape or IDSI by forcible compulsion. **See Buffington**, 828 A.2d at 1032. Consequently, we vacate the sentence of probation imposed for Appellant's violation of § 3124.1 (count four of the information).

Critically, all the illegal sentences that we have vacated were imposed concurrent with valid sentences. As such, our decision does not disturb the trial court's overall sentencing scheme. With the length of Appellant's term of incarceration unaltered, we need not remand for resentencing. **See**, **e.g.**, **Commonwealth v. Lekka**, 210 A.3d 343, 359 (Pa.Super. 2019) ("In this case, the correction does not upset the sentencing scheme and no further action is required of the sentencing court; therefore remand for resentencing is not warranted."). Instead, we amend Appellant's sentencing order directly

to vacate the sentences imposed at counts three, four, seventeen, and eighteen. We affirm his judgment of sentence in all other respects.

Judgment of sentence vacated as to counts three, four, seventeen, and eighteen, and affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/26/2024