J-S58023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY C. SAUNDERS | : | |
| | : | |
| Appellant | : | No. 400 WDA 2019 |

Appeal from the PCRA Order Entered February 11, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002794-2016

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 21, 2020**

Appellant, Timothy C. Saunders, appeals from the post-conviction court's February 11, 2019 order, denying his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

A previous panel of this Court set forth the relevant facts and procedural history underlying Appellant's case as follows:

> [Appellant's] convictions arose from [his] actions on June 22, 2016[,] in setting fire to the vehicle of a former girlfriend, Deborah Lynn Marshall, in a parking lot at Eaton Reservoir, a/k/a Bulls Dam, in North East Township, Erie County, Pennsylvania. That day, while Marshall was walking with her dog around the reservoir, Appellant met up with her and made unwanted advances toward her. When Marshall rejected the advances, Appellant became angry and acted aggressively toward Marshall. Marshall ran from Appellant toward her vehicle, a 2004 green Jaguar. Appellant followed Marshall, entered his own vehicle and drove into the lot where Marshall's vehicle was parked. Appellant parked right beside Marshall's Jaguar, in the space in between the Jaguar and the space where the vehicle of Scott Bigley was parked. Bigley, a friend of Marshall's, was

sitting in his vehicle waiting for Marshall to return from the walk. Marshall spotted Bigley, quickly got inside his vehicle and asked him to drive away to escape from Appellant. Confused, Bigley began to drive away. Appellant continued toward Bigley's vehicle and struck Bigley's windshield on the passenger side with his fist, cracking the windshield. Bigley and Marshall drove off. They stopped at a nearby establishment where they called friends to assist them in retrieving Marshall's vehicle. Approximately [twenty] minutes or so after Bigley and Marshall had fled the reservoir parking lot, Bigley and one of the friends returned to the parking lot where they found the back portion of Marshall's vehicle engulfed in flames. Firefighters and emergency personnel were called to the scene and the fire was extinguished. The evidence established the fire to Marshall's vehicle originated on the rear passenger side; the fire was incendiary in nature and Appellant caused the fire.

On December 20, 2016, at the conclusion of a nonjury trial, the trial court convicted Appellant of [one count each of reckless burning or exploding, 18 Pa.C.S. § 3301(d)(2), and arson involving danger of death or bodily injury, 18 Pa.C.S. § 3301(a)(1)(i)]. On February 1, 2017, the trial court sentenced Appellant to serve a term of incarceration of twelve to twenty-four months for the conviction of reckless burning or exploding, and a concurrent term of incarceration of forty-eight to ninety-six months for the conviction of arson involving danger of death or bodily injury. In addition, the trial court ordered Appellant to pay restitution in the amounts of $250.00, which was for the insurance deductible for Ms. Marshall's vehicle that was destroyed by the fire, and $300.00, which was for the broken windshield of Mr. Bigley's vehicle.

***Commonwealth v. Saunders***, No. 445 WDA 2017, unpublished memorandum at 1 (Pa. Super. filed Feb. 9, 2018) (some brackets added; footnote and citation omitted).

On direct appeal, this Court affirmed the part of Appellant's judgment of sentence regarding his convictions (*i.e.*, it rejected his sufficiency and weight-of-the-evidence claims), but vacated the portion of his judgment of

sentence relating to the award of restitution of $300.00 for the broken windshield of Mr. Bigley's vehicle. Thereafter, Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied on August 13, 2018. *See Commonwealth v. Saunders*, 190 A.3d 1134 (Pa. 2018).

On October 10, 2018, Appellant filed a *pro se* PCRA petition, his first. The PCRA court subsequently appointed counsel, who filed a supplement to Appellant's petition on November 29, 2018. On January 2, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, and Appellant did not file a response. On February 11, 2019, the PCRA court entered an order dismissing the petition. On March 11, 2019, Appellant filed a timely notice of appeal. The PCRA court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied.

Presently, Appellant raises the following issues for our review:

A. Whether the bench trial record before the [c]ourt as to the instant case afforded circumstantial evidence at best and was more so speculative and [constituted] conjecture as to whether the fire was even incendiary in nature or where it started and certainly as to whether there was any nexus to [Appellant] as the cause and thus there was insufficient evidence to sustain the guilty verdicts as the Commonwealth failed to prove that the fire was incendiary in nature; that anyone was placed in danger of death or bodily injury; and that [Appellant] even set the fire?

B. Whether the conviction for reckless burning was without any legal predicate wherein the value of the vehicle involved did not satisfy the statutory elements?

C. Whether [d]efense counsel was ineffective in various respects as outlined in the *pro se* PCRA [p]etition and supporting appendix?

D. Whether the amended information charged at count 3, endangering persons, was fatally deficient given that a victim is not designated?

E. Whether the Commonwealth violated [Appellant's] right to due process by amending the information on the day of the trial to include an additional offense in direct violation of the Pennsylvania rules of criminal procedure?

F. Whether counsel failed to investigate and offer exculpatory evidence that was available and would have changed the outcome at trial as enumerated fully in the *pro se* pleadings?

G. Whether the sentence was outside of the sentencing guidelines and was illegal given an error in the calculation of [Appellant's] prior record score?

H. Whether the [c]ourt and the Commonwealth discussed the case in chambers prior to trial and not in open court in violation of rules proscribing *ex parte* communications?

Appellant's Brief at 2.

At the outset, we acknowledge:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012) (internal citations omitted).

Before delving into Appellant's issues, we must address the deficiencies in his brief. Although Appellant raises eight issues in his statement of the

questions involved, his argument section spans a mere four-and-a-half pages and contains citations to only six cases.[1]  In each of his issues, Appellant includes no citations to the record, fails to adequately discuss relevant law, and proffers little (if any) meaningful legal analysis in relation to the facts of his case.[2]  Thus, we deem all of Appellant's claims waived on this basis.  **See** Pa.R.A.P. 2119(a) ("The argument … shall have at the head of each part … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); **Coulter v. Ramsden**, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) ("[A]rguments which are not appropriately developed are waived.  Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.  This Court will not act as counsel and will not develop arguments on behalf of an appellant.") (citations and internal quotation marks omitted).[3]

_____

[1] Further, we do not consider these six citations to be insightful and, at times, even applicable to the matter at hand.  For example, Appellant cites to **Commonwealth v. Stefaniak**, 571 A.2d 506 (Pa. Super. 1989), for the proposition that "[a] conviction for arson or reckless burning cannot be supported or attained where one intentionally burns one's own vehicle or even the vehicle of another which is valued less than $5,000.00[,]" **see** Appellant's Brief at 5.  Problematically, our review of that case demonstrates that it is a non-precedential memorandum, and does not involve the crime of arson or reckless burning, but instead the offense of driving under the influence.

[2] To illustrate, Appellant argues that his counsel was ineffective, yet fails to set forth and discuss any law pertaining to ineffectiveness.  **See** Appellant's Brief at 5, 6.

[3] We recognize that Appellant's issues include a purported legality of sentence claim, which is generally not waivable.  However, his claim is that his "prior

Nevertheless, even if not waived, we would conclude that Appellant's claims have no merit. We have reviewed the comprehensive analysis provided by the Honorable Daniel J. Brabender, Jr., of the Court of Common Pleas of Erie County, in his January 2, 2019 "Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907," which he incorporated by reference in his May 8, 2019 opinion issued pursuant to Pa.R.A.P. 1925(a). We conclude that Judge Brabender's analysis accurately and thoroughly disposes of the issues raised by Appellant.[4] Accordingly, if Appellant's issues were not waived, we would adopt Judge Brabender's analysis as our own with respect to the issues Appellant raises on appeal.

Order affirmed.

_____

record score was incorrectly calculated and thus caus[ed] a skewed set of guidelines applied by the court." Appellant's Brief at 8 (unnecessary capitalization and emphasis omitted). This argument raises a challenge to the discretionary aspects of his sentence, not the legality of it. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003) (treating the appellant's claims regarding the alleged miscalculation of his prior record score and the consequent excessive sentence as a challenge to the discretionary aspects of his sentence). Thus, it is waived.

[4] We only add that, with respect to Appellant's last issue alleging that his rights were violated because the Commonwealth and the trial court discussed the case in-chambers before trial, the part of the record to which Appellant apparently cited to support this claim in his petition demonstrates that defense counsel was also present for this discussion. *See* PCRA Petition, 10/10/2018, at 30 (citing N.T. Trial, 12/20/2016, at 51-53); *see also* PCRA Petition at 11. Thus, based on the reference to the record provided by Appellant, we would reject Appellant's argument that *ex parte* communications occurred.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2020

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS
                                               :   OF ERIE COUNTY, PENNSYLVANIA

                  v.   :   CRIMINAL DIVISION

TIMOTHY C. SAUNDERS,   :

                     PETITIONER   :   NO. 2794 of 2016

## NOTICE OF INTENT TO DISMISS PCRA
## PURSUANT TO PA.R.CRIM.P. 907

AND NOW, to-wit, this ___ day of January, 2019, after an independent review of

the record, consideration of Petitioner's *pro se* Motion for Post Conviction Collateral Relief and

the Supplemental Motion filed by PCRA counsel, the Petitioner, Timothy C. Saunders, is

afforded no relief under the PCRA. Because the claims can be addressed based on the existing

record, there is no need for an evidentiary hearing.

### FACTUAL/PROCEDURAL BACKGROUND

The relevant facts and procedural history of this case are summarized herein. On

December 20, 2016, following a non-jury trial, Petitioner was convicted of Arson and Related

Offenses (reckless burning or exploding), and Count Three, Arson and Related Offenses (arson

endangering persons).[1] The convictions arose from Appellant's actions in setting fire to the

vehicle of a former girlfriend, Deborah Lynn Marshall, in a parking lot at Eaton Reservoir, a/k/a

Bulls Dam, in North East Township, Erie County, Pennsylvania.

On February 1, 2017, Appellant was sentenced to an aggregate of 48 to 96 months (four

to eight years) of incarceration as follows.

> Count One: Arson and Related Offenses (reckless burning or exploding) –
> 12 months to 24 months of incarceration;

---

[1] 18 Pa.C.S.A. §§3301(d)(2) and 3301(a)(1)(i), respectively.

1

42

Count Three: Arson and Related Offenses (arson endangering persons) –
48 months to 96 months of incarceration, concurrent with Count One.

The sentences imposed were within the standard range of the sentencing guidelines. The Court also ordered restitution.

On February 9, 2018, the Superior Court affirmed the convictions but vacated the portion of the judgment of sentence directing Petitioner to pay restitution in the amount of $300.00. *See Commonwealth v. Saunders,* 445 WDA 2017 (Pa. Super. February 9, 2018)(unpublished memorandum.) The Pennsylvania Supreme Court denied the petition for allowance of appeal. *See Commonwealth v. Saunders,* 105 WAL 2018 (Pa. August 13, 2018)(Per Curiam Order).

On October 10, 2018, Petitioner filed a *pro se* Motion for Post Conviction Collateral Relief claiming the following: a violation of the Constitution of Pennsylvania or the constitution or laws of the United States, ineffective assistance of counsel, improper obstruction of government officials of Petitioner's right of appeal, newly discovered exculpatory evidence that would have changed the outcome of trial, and imposition of a sentence greater than the lawful maximum.

PCRA counsel was appointed to file a supplemental motion or a no-merit letter. A Supplement to Motion for Post Conviction Collateral Relief was filed on November 27, 2018. In the Supplemental Motion, PCRA counsel incorporated by reference the *pro se* PCRA allegations, and raised claims regarding the weight and sufficiency of the evidence.

## DISCUSSION

The counseled claims regarding weight and sufficiency of evidence are not cognizable under the PCRA. Moreover, the claims were litigated or waived. This Court previously addressed weight and sufficiency claims on direct appeal in its 1925(a) Opinion which is

2

incorporated herein by reference. The Superior Court determined the challenges to the sufficiency of the evidence were meritless and no abuse of discretion occurred in denying relief as to the weight of the evidence claims. The Superior Court's unpublished memorandum opinion is incorporated herein by reference. The claims must be denied.

The *pro se* claims shall be addressed *ad seriatim*.

## 1. Constitutional Claims

To establish a violation of the Constitution of Pennsylvania or the constitution or laws of the United States entitling a defendant to post-conviction relief, Petitioner must establish an error which so undermined "the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *42 Pa.C.S.A. §9543(a)(2)(i)*. Petitioner has failed to identify and establish any such error.

Distilled, Petitioner avers his due process rights were violated when the Criminal Information was amended on the day of trial. The claim does not afford Petitioner relief. The Information filed September 20, 2016 alleged at Count One the offense of Arson and Related Offenses (reckless burning or exploding), 18 Pa.C.S.A. §§3301(d)(2), and at Count Two, Criminal Mischief, 18 Pa.C.S.A. §3304(a)(5). On December 20, 2016, prior to commencement of trial, the Information was amended to include Count Three, Arson and Related Offenses (arson endangering persons), 18 Pa.C.S.A. §3301(a)(1)(i). The Rules of Criminal Procedure authorize a court to permit amendment to an information if the information as amended does not charge offenses arising from a different set of events and if the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. *Pa.R.Crim.P. 564*. Count Three alleged Defendant placed another in danger including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire that

3

was set to Deborah Marshall's motor vehicle. The charge at Count Three arose from the same fire and set of events that gave rise to Counts One and Two, namely, the fire to Marshall's vehicle in the parking lot of a reservoir frequented by the public. It was no surprise that public service personnel including firefighters and the police, the victims at Count Three, responded to the emergency call about the fire which engulfed Marshall's vehicle. The amended charge was not so materially different from the original charges that Defendant was unfairly prejudiced. The same evidence introduced at the trial for Counts One and Two was relied upon to convict at Count Three. No facts supporting a finding of unfair prejudice were pled or established through the PCRA. This claim is meritless.

Petitioner also appears to claim his constitutional rights were violated because Count Three does not name a victim. This claim is baseless. The victim(s) at Count Three expressly include but are not limited to a firefighter, police officer or other person actively engaged in fighting the fire. *See Amended Information.* The claim must be dismissed.

Petitioner also appears to claim his rights were violated because the Judge and the Assistant District Attorney discussed the case in chambers prior to trial. This unsubstantiated claim is baseless. Petitioner points to nowhere in the record where this occurred or any in-chambers discussion occurred in the absence of defense counsel. The claim must be dismissed.

## 2. Ineffective Assistance Claims

As can best be gleaned from the *pro se* PCRA with voluminous attachments, in the "Argument" section Petitioner raises the following ineffective assistance of counsel claims against initially assigned counsel, Attorney Kevin Kallenbach. Petitioner claims Attorney Kevin Kallenbach waived the preliminary hearing; he did not appear at the arraignment; and he did not investigate, interview or subpoena any witnesses.

4

Petitioner alleges trial counsel, Attorney Steven Lagner, was ineffective because he did not challenge the amendment of the Information to include Count Three or request a continuance due to the amendment; Attorney Lagner did not object to Count One because the value of the automobile was not properly established; Attorney Lagner was somehow remiss because the Commonwealth did not specifically identify by name a victim at Count Three, the arson endangering persons charge; Attorney Lagner did not consult with or hire an arson expert; during cross examination of the Commonwealth's expert, Attorney did not question the expert about testing for remnants of the fuel panel cap and lid; Attorney Lagner did not question the Commonwealth's expert regarding national fire investigation standards; in his opening statement Attorney Lagner acknowledged there was a PFA Order in effect against Petitioner; during trial Attorney Lagner referenced the PFA and the characterization of Petitioner by others as "the bad guy" thus allowing the prosecution to open the door and introduce evidence of Petitioner's unsavory character to show he was more likely to have committed the crime(s); Attorney Lagner failed to interview potential witnesses, including Colleen Pulley, whose names Petitioner provided to counsel; and Attorney Lagner did not claim error occurred in the calculation of Petitioner's prior record score.

Petitioner alleges appellate counsel, Attorney Jessica Fiscus, was ineffective for failing to raise ineffective assistance of counsel claims against Attorneys Lagner and Kallenbach; Fiscus did not challenge the discretionary aspects of Petitioner's sentences where the sentences were within the standard range of the guidelines and made to run concurrently; Fiscus did not raise on appeal the issue of the valuation of the Jaguar which was set aflame.

To obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence, "[i]neffective assistance of counsel

5

which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *42 Pa.C.S.A. §9543(a)(2)(ii)*. "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009).

To establish ineffective assistance of counsel, the petitioner must "demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission." *Commonwealth v. G.Y.*, 63 A.3d 259, 265 (Pa. Super. 2013). A finding of "prejudice" requires petitioner to establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

> Even if counsel had no reasonable basis for the course of conduct pursued, [petitioner] is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. When it is clear that [petitioner] has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met.

*Id.* (internal citations omitted).

### A. Attorney Kevin Kallenbach

Petitioner avers Attorney Kevin Kallenbach was ineffective because the preliminary hearing was waived. There is no arguable merit to this claim for purposes of stating a colorable claim for relief under the PCRA. This claim involving conduct of counsel at the magisterial level does not implicate the truth-determining process at the trial level for purposes of implicating the PCRA. As there is no arguable merit to this claim, it must be denied. Similarly, the claim Kallenbach was ineffective for not appearing at Petitioner's arraignment lacks arguable merit, since this claim does not implicate the truth-determining process at the trial level for

6

purposes of implicating the PCRA. This claim must be denied. The claim Kallenbach was ineffective because he did not investigate, interview or subpoena any witnesses must also be denied. Attorney Kallenbach did not participate at trial; Attorney Lagner represented Petitioner at the non-jury trial. As there is no arguable merit to this claim, it must be denied.

### B. **Attorney Steven Lagner**

The *pro se* claims of ineffectiveness of Attorney Steven Lagner must be denied. There is no arguable merit to the assertion Lagner was ineffective because he did not challenge the amendment of the Information to include Count Three or request a continuance due to the amendment. This case involved the setting of fire to the vehicle of Petitioner's former girlfriend in the parking lot of a reservoir frequented by the public. Public service emergency personnel, including firefighters and police, were called upon to respond to the fire. Petitioner was originally charged with Count One, Arson and Related Offenses (reckless burning or exploding), 18 Pa.C.S.A. §§3301(d)(2), and Count Two, Criminal Mischief, 18 Pa.C.S.A. §3304(a)(5). On December 20, 2016, prior to commencement of trial, an Amended Information was filed and discussed. *(Amended Information; TT. p. 5)*. The information was amended by the addition of Count Three, Arson and Related Offenses (arson endangering persons), 18 Pa.C.S.A. §3301(a)(1)(i).

Prior to commencement of trial, Lagner informed the Court that one week prior to trial, Lagner presented Petitioner with the option of obtaining a continuance of the trial to allow for additional time in trial preparation.[2] Lagner advised that Petitioner declined the offer as Petitioner was anxious to proceed to trial. *Transcript of Proceedings, Trial on December 20, 2016 (TT.), p. 4-5.* Further, as previously discussed, no prejudice occurred due to any lack of a

---

[2] The non-jury trial occurred on Tuesday, December 20, 2016.

challenge to the Amended Information. The information as amended did not charge an offense arising from a different set of events, nor was the amended charge so materially different from the original charge that defendant suffered unfair prejudice. *Pa.R.Crim.P. 564.* Count Three, Arson and Related Offenses (arson endangering persons) at 18 Pa.C.S.A. §3301(a)(1)(i), arose from the same fire and set of circumstances as referenced at Count One, Arson and Related Offenses (reckless burning or exploding) at 18 Pa.C.S.A. §§3301(d)(2), and Count Two, Criminal Mischief at 18 Pa.C.S.A. §3304(a)(5). Count Three was not so materially different from the original charges that the defendant would be unfairly prejudiced. The evidence submitted at trial in an effort to establish the elements of the offenses at Counts One and Two, namely, the testimony of two Pennsylvania State Troopers, photographs, audio and video recordings, a note left on the windshield, a cigarette butt and an empty Marlboro pack, was the same evidence relied upon to obtain the conviction at Count Three. As Count Three arose from the same set of circumstances and was not so materially different from Counts One and Two, no prejudice occurred by any failure to object to the Amended Information or request a continuance on the day of trial. The claims in this regard must be denied.

The claim of ineffectiveness because Lagner did not object to Count One, Arson and Related Offenses (reckless burning or exploding), because the value of the automobile was not properly established lacks arguable merit and must fail. The Superior Court previously determined the direct appeal challenges to the weight and sufficiency of the evidence were meritless. Also, where the property damaged is an automobile, the offense does not require proof of valuation. *See 18 Pa.C.S.A. §3301(d)(2).*

The claim Lagner was somehow remiss or ineffective because the Commonwealth did not specifically identify by name a victim at Count Three (the arson endangering persons charge)

8

also lacks arguable merit. At Count Three the Commonwealth sufficiently identified victims when it alleged Petitioner did "recklessly place another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire, ..." *Amended Information, Count Three.* Petitioner was specifically placed on notice of the claim that responding emergency personnel, including the firefighters and police, were the victims at Count Three.

Petitioner's claim of ineffectiveness for not hiring an arson expert lacks arguable merit and no prejudice can be established. Trial counsel is not ineffective for failing to call an expert witness if counsel can effectively cross-examine the prosecution witnesses and elicit helpful testimony. *Commonwealth v. K.M.*, 680 A.2d 1168, 1172 (Pa. Super. 1996). At trial, the Commonwealth presented the testimony of two Pennsylvania State Police Troopers. One of the officers, Trooper Kenneth A. Hamilton, was the Commonwealth's expert. Hamilton was the deputy fire marshal who conducted a cause and origin investigation of Marshall's vehicle by inspecting the vehicle after it was secured and impounded. *TT. pp. 124, 129, 139-140.* The record demonstrates Lagner effectively cross-examined Hamilton and elicited testimony helpful to the defense.

On cross examination, Attorney Lagner was successful in eliciting from Hamilton testimony reasonably viewed as favorable to the defense. This testimony raised question about the location or origin of the fire, raised question of possible cause(s) other than arson, brought into question the officer's credibility, and challenged the foundation(s) of Hamilton's expressed opinions on direct examination. Lagner was effective in eliciting testimony helpful to the defense on the issue of intent, an element of each offense charged.

9

Regarding origin and causation, on cross-examination by Lagner, Hamilton admitted he could not explain or identify how the fire started, or where it began, other than the rear passenger side of the car. *TT. pp. 132.* On cross-examination, he testified in a manner which raised question about his testimony on direct examination the fire started on the same side as the fuel panel:

> Q: Would it be safe to say that, and correct me if I'm wrong, the fire did not start at where the gas cap would be; is that correct?
>
> A: I can't say that that's where, that it did not start there.

*TT. p. 138.* Hamilton admitted he did not know where the fire occurred including whether it occurred at a tire, underneath a dripping gas tank or at the missing gas filler cap. *TT. p. 141.* At the conclusion of cross-examination, Hamilton admitted he could not say Petitioner caused the fire. *TT. p. 141.* On re-cross examination, Hamilton acknowledged he did not determine whether the fire to Marshall's vehicle was caused by an intentional act or accidentally. *TT. p. 144.*

With regard to the foundation for Hamilton's earlier expressed opinions, Hamilton on cross-examination testified the fuel lines of the car were undisturbed. *TT. pp. 132.* The gas tank of the vehicle was damaged and leaking. *TT. pp. 133.* Hamilton had not reviewed the reports from the other troopers. *TT. p. 135.* Hamilton did not have information as to the source of ignition of the fire. *TT. p. 138.* Hamilton admitted he did not have the opportunity to view the vehicle at the scene of the fire. *TT. pp. 139-140.* No photographs of the scene taken after the vehicle was removed were provided to the officer to assist him in formulating his opinions. *TT. p. 140.*

Under these circumstances there is no arguable merit to Petitioner's claim of ineffective assistance for not hiring an arson expert.

10

Petitioner's claim of ineffectiveness for not questioning the Commonwealth's expert about testing for remnants of the fuel panel cap and lid is disingenuous and lacks arguable merit. Petitioner identified no evidence of any fuel panel cap remnants to test. On direct examination, Trooper Hamilton testified that when he observed the vehicle, the gas cap and the outer door to the gas cap compartment were missing. *TT. p. 125.* The vehicle had already been removed from the park at the reservoir, so the officer did not conduct an inspection (for fuel cap remnants or anything else) at the park. *TT. pp. 139-140.* The claim must be denied.

Petitioner claims Lagner was ineffective for failure to question the Commonwealth's expert about national fire investigation standards in order to elicit testimony the cause of fire was undetermined. This claim lacks arguable merit. No prejudice occurred because Attorney Lagner obtained during cross-examination the goal sought by Petitioner.

There was no questioning of the witness on direct examination about national fire investigation standards. Hamilton admitted he did not know the cause of the fire, or where it began, other than the rear passenger side of the car. *TT. pp. 132.* Hamilton admitted he could not say Petitioner caused the fire. *TT. p. 141.* The claim must be denied.

Petitioner claims Lagner was ineffective for 1.) mentioning in his opening statement that a PFA Order was in effect against Petitioner when the incident occurred and 2.) referencing the PFA at trial and repeating the characterization of Petitioner by others as "the bad guy". Petitioner claims that, in so doing, the door was opened for the prosecution to introduce evidence of Petitioner's unsavory character to show he was more likely to have committed the crime(s).

The claims must fail as Petitioner has failed to demonstrate counsel had no reasonable strategic basis for referencing the PFA during opening remarks or for using the colloquial expression, "bad guy". The opening remarks of Lagner convey he was merely expressing candor

11

to the tribunal at this non-jury trial in acknowledging the PFA, and Petitioner's actions in striking the windshield of a third person's vehicle. *TT. p. 9.* Defense counsel displayed reasonable trial strategy in being candid about these matters with this Court who was the trier of fact. Defense counsel repeatedly emphasized the central issue was the issue of the causation, not Defendant's actions relative to a PFA or Defendant's character. *TT. pp. 9, 150-153.* The use of the colloquial expression, "bad guy" was not prejudicial in this context. Moreover, there is no arguable merit to the claim that, by these comments, Defense counsel "opened the door" for the Commonwealth to introduce evidence of Petitioner's "unsavory character." Evidence of the PFA Order was admissible as relevant background information and placed Marshall's version of events in appropriate context. *TT. pp. 11-50.* This evidence was admissible regardless of opening comments or questioning by Lagner. These ineffective assistance claims must likewise fail.

Petitioner claims Lagner was ineffective for failure to interview potential witnesses, including Colleen Pulley, whose names Petitioner claims he provided to trial counsel. In general, where a petitioner seeks post-conviction relief claiming ineffective assistance for failure to call a lay or expert witness, the petitioner must establish the witness existed, the witness was available to testify for the defense, counsel knew or should have known of the witness's identity, the witness would have testified on the petitioner's behalf, and the absence of the testimony was so prejudicial as to have denied the petitioner the right to a fair trial. *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009).

In the *pro se* PCRA, Petitioner identified three potential witnesses who were not called at trial: Colleen Pulley, Sharon Nunemaker and Kathleen Sanders. Petitioner failed to establish whether any of the individuals were available to testify for the defense at trial. No sworn

affidavits were appended to the PCRA, though a written statement of Colleen Pulley and a police summary of an interview with Pulley were attached.

At best, the statement of Pulley and summary of interview of Pulley appended to the PCRA establish after engaging in paddle boarding Pulley was in the reservoir parking lot and observed a cream colored car rush out of the lot with someone inside urging the driver to go. She observed a suspicious-looking man in dress attire use the port-o-potty, walk past her and mumble something. Pulley observed the man enter his vehicle and light a cigarette. She lost sight of the individual and shortly after saw a fire which she first thought was a camp fire and soon realized was a car on fire. At about this time she observed a red Buick back into a parking spot. Pulley observed the car go up in flames and waited for help to arrive.

If anything, the version of events in Pulley's statement and in the police summary of Pulley's statement corroborated the events as testified to by the victim Marshall at trial and was consistent with events as described by Scott Bigley. Pulley's statement corroborated Marshall's testimony about the tan/cream colored car, Marshall's urging of Bigley to go/drive away and Marshall's identification of Petitioner's vehicle, a red or maroon Buick. *TT. pp. 20-26.* Pulley's statement also corroborated Scott Bigley's trial testimony that Marshall excitedly approached Bigley's vehicle and asked him to "take off". *TT. pp. 54, 57-58.* Petitioner's claim that Pulley would testify Petitioner was not the perpetrator is not borne out by Pulley's statement or the summary of the police interview with Pulley. No prejudice occurred in not presenting the cumulative testimony of Pulley at trial. The absence of Pulley's testimony was not so prejudicial as to have denied Petitioner the right to a fair trial.

Likewise, no prejudice occurred in not presenting the testimony of Sharon Nunemaker and Kathleen Saunders. According to Petitioner, Nunemaker would testify Marshall and

13

Petitioner met regularly at the reservoir. The regularity or absence of such meetings at the reservoir was irrelevant to the determinations at hand. Petitioner claimed Kathleen Saunders would testify Petitioner was not upset his grandmother had died. This testimony would have been likewise irrelevant in establishing the elements of the crimes. The absence of testimony from either Nunemaker and/or Kathleen Saunders caused no prejudice to Petitioner and did not deprive Petitioner of the right to a fair trial.

Petitioner asserts ineffective assistance occurred in not claiming error occurred in calculation of the prior record score. Without support in the record, Petitioner baldly asserts his record score was incorrectly calculated as "5" when it should have been calculated as "3". The Sentencing Guidelines appended to the PSI reflect Petitioner's prior record score was a "5" with regard to Counts One and Three. There is no arguable merit to the unsupported claim. The claim must be denied. The claims of ineffective assistance with regard to Attorney Lagner's representation of Petitioner must be denied.

C. **Attorney Jessica Fiscus**

In the *pro se PCRA,* Petitioner alleges appellate counsel, Attorney Jessica Fiscus, was ineffective for failing to raise ineffectiveness claims against Attorneys Lagner and Kallenbach; Fiscus did not challenge the discretionary aspects of Petitioner's sentences where the sentences were within the standard range of the guidelines and made to run concurrently; and Fiscus did not raise on appeal the issue of the valuation of the Jaguar which was set aflame.

The bald claim Fiscus was ineffective for failing to raise ineffectiveness claims against Lagner and Kallenbach must be dismissed as undeveloped. Petitioner alleges no facts in support of the claims, or the basis for the claims of ineffectiveness of Lagner and Kallenbach. There is no prejudice as Section 9543(a)(2)(ii) of the PCRA encompasses all constitutionally cognizable

14

claims of ineffective assistance of counsel, *Commonwealth v. Goldberg*, 773 A.2d 126, 130 (Pa. 2001), and Petitioner in fact raised ineffectiveness claims against Lagner and Kallenbach in the PCRA. which claims this Court has determined are of no arguable merit and/or resulted in no prejudice.

The ineffectiveness claim for failure to challenge on direct appeal the discretionary aspects of Petitioner's sentences must fail. Fiscus had a reasonable basis for not challenging this aspect of the sentence on appeal, as she expressed to Petitioner in her correspondence of September 11, 2017:

> Further, I opted not to raise a challenge to the discretionary aspects of your sentence as both minimums were within the standard range and because the sentences were run concurrently. This, coupled with the fact that the trial court reviewed a pre-sentence investigation report, makes a discretionary challenge to your sentence frivolous as this stage of the proceeding.

*Exhibit "JF1-JF2", pro se PCRA.* There is no merit to the claim as Fiscus' statements were accurate. Other than the sentence imposed for restitution of $300.00, the sentences imposed were patently legal as found by the Superior Court on direct appeal.

The ineffectiveness claim for not raising on appeal the issue of the valuation of the Jaguar must fail. Fiscus had a reasonable basis for not raising the issue on appeal and the claim has no merit. As Fiscus explained to Petitioner in her letter of September 11, 2017:

> First, in your letters, you mentioned your concern about the value of the car and its impact on your conviction. Based upon my review of the statute, the law does not require the Commonwealth to demonstrate that the conplainant's Jaguar was valued over $5,000.00 to sustain this conviction. The statute permits a conviction if a person intentionally starts a fire to another person's personal property having a value that exceeds $5,000 or if the property is an automobile. Because you were accused of setting fire to an automobile, the valuation has no impact on the conviction."

15

*Exhibit "JF1-JF2", pro se PCRA.* The claim has no merit as Fiscus' statements are accurate. *See 18 Pa.C.S.A. §3301(d)(2).*

### 3. Improper Obstruction of Government Officials Claim

In the *pro se* PCRA, Petitioner checked off the box on the PCRA petition form to claim relief for improper obstruction of government officials of Petitioner's right of appeal. As best this Court can discern, no facts in support of the claim were asserted in the *pro se PCRA*. Petitioner exercised his right to direct appeal. The claim is without merit.

### 4. Newly Discovered Exculpatory Evidence Claim

In the *pro se* PCRA, Petitioner checked off the box on the PCRA petition form to claim relief due to unavailability at time of trial of subsequently discovered exculpatory evidence that would have changed the outcome of trial if it had been introduced. Petitioner failed to specify the evidence he claims was subsequently discovered. The bald, unsupported claim must be dismissed. Petitioner failed to identify any evidence discovered after trial which 1.) could not have been obtained prior to the conclusion of trial by reasonable diligence; 2.) was not merely corroborative or cumulative; 3.) would not have been used solely to impeach the credibility of a witness; and 4.) would have likely resulted in a different verdict if a new trial were granted. *See Commonwealth v. Small,* 189 A.3d 961, 974 (Pa. 2018). The unsupported claim is without merit and must be denied.

### 5. Illegal Sentence Claim

Under the PCRA, the sole basis of relief with regard to sentencing is to plead and prove the imposition of an illegal sentence, that is, a sentence greater than the lawful maximum. *42 Pa.C.S.A. §9543(a)(2)(vii).* The illegal sentencing claim in the *pro se* PCRA must be dismissed as meritless. The Superior Court vacated the sentence of restitution in the amount of $300.00.

16

Otherwise, the Superior Court affirmed the judgments of sentence which did not exceed the lawful maximums and were patently legal. The sentencing claim is baseless.

## CONCLUSION

For the reasons stated herein, Petitioner's claims have been previously litigated and/or afford Petitioner no relief. Petitioner is hereby put on notice that his Motion for Post Conviction Collateral Relief will be dismissed after twenty (20) days from the date of this Notice. Within this same time period, Petitioner shall have the right to file any Objections to this Notice.

BY THE COURT:

_____
Daniel J. Brabender, Jr., Judge

cc:    District Attorney's Office
        William J. Hathaway, Esq., PMB # 261, 1903 West Eighth Street, Erie, PA 16505