J-A34041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL NELSON HANSEN | |
| Appellant | No. 1945 MDA 2014 |

Appeal from the PCRA Order August 8, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003860-2010

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                 **FILED JANUARY 06, 2016**

Paul Hansen ("Appellant") appeals from an order denying his first, timely petition under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.  We affirm.

The PCRA court recounts the underlying factual and procedural history as follows:

> Appellant was convicted of first degree murder (18 Pa.C.S. § 2502(a)), terroristic threats (18 Pa.C.S. § 2706(a)(1)), and simple assault (18 Pa.C.S. § 2701(a)(1)) following a jury trial held [on] July 11 through July 13, 2011.  On August 24, 2011, we sentenced Appellant to the mandatory term of life imprisonment on the first-degree murder conviction. Appellant filed an appeal to the Superior Court challenging the weight and sufficiency of the evidence, and the Superior Court affirmed the judgment of sentence by way of [a] decision dated August 17, 2012 [at] 1856 MDA 2011.  Appellant filed a PCRA petition on

April 30, 2014,[1] and we held an evidentiary hearing on August 8, 2014. Appellant was present at the PCRA hearing with counsel. Appellant now seeks relief from our order of August 8, 2014 denying his PCRA petition.

Appellant's conviction stems from an altercation that occurred on June 12, 2010. Appellant attended a house party hosted by the victim, Melissa Barnes. When attempting to leave the party, Appellant's vehicle became stuck in the mud of a makeshift dirt road leading to the victim's house, and Appellant enlisted the assistance of others to dislodge his vehicle. A confrontation ensued between Appellant and one such volunteer, Holly McMichael, who made remarks regarding Appellant's driving. At that point Appellant placed Ms. McMichael in a chokehold and threatened to break her neck. N.T. Trial, 7/11/11 at 183. Ms. Barnes - upset by Appellant's conduct - quickly approached the scene and began swearing at and pushing Appellant. Appellant reached to his side, pulled out a pistol, and shot Ms. Barnes in the head. N.T. Trial, 7/11/11 at 111.

PCRA Court Opinion, 1/14/15, at 1-2. The jury rejected Appellant's defense that the shooting was an accident.

On June 1, 2015, counsel for Appellant filed a **Turner/Finley**[2] letter brief in this Court and a petition for leave to withdraw as counsel.

Before we may address the merits of Appellant's claims, "we must determine if counsel has satisfied the requirements to be permitted to

---

[1] We note that after the Superior Court affirmed Appellant's judgment of sentence, he filed a petition for allowance of appeal in the Supreme Court, which denied this petition on February 4, 2013. Appellant did not appeal to the United States Supreme Court. Thus, his one-year limitation period for filing a PCRA petition began running ninety days after February 4, 2013, or on Monday, May 6, 2013. **See** 42 Pa.C.S. § 9545(b)(1), (3). Appellant filed his PCRA petition less than one year later.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988).

withdraw from further representation." ***Commonwealth v. Freeland***, 106 A.3d 768, 774 (Pa.Super.2014). Competent PCRA counsel must conduct an independent review of the record before we can authorize counsel's withdrawal. ***Id***. The independent review

> requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

***Id***. (internal citation omitted). PCRA counsel must also

> serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa.Super.2011) (quoting ***Commonwealth v. Friend***, 896 A.2d 607 (Pa.Super.2006), *abrogated in part by* ***Commonwealth v. Pitts***, 981 A.2d 875, 876 (Pa.2009)).

Here, counsel reviewed the record and the applicable law, listed the issues Appellant wished to have examined, and explained why the issues are meritless. Counsel also mailed a copy of the no-merit letter and a copy of his motion seeking permission to withdraw as counsel to Appellant and informed Appellant of his right to proceed *pro se* or with privately-retained counsel to raise any points he deemed worthy of consideration. Following receipt of counsel's letter, Appellant filed a *pro se* response requesting that

this Court deny counsel's motion to withdraw and direct him to file a brief on the merits. Accordingly, we determine that PCRA counsel substantially complied with **Turner/Finley**.

We will now address the merits of the claim raised. Appellant did not file a *pro se* brief or a brief by privately-retained counsel, so we will review the merits of the claim raised in his 1925(b) statement and discussed in the **Turner/Finley** letter.

Appellant raises nine issues on appeal, all of which concern alleged ineffectiveness of counsel:

1. Trial counsel was ineffective for failing to present evidence of Appellant's mental health diagnoses and diminished capacity;

2. Trial counsel was ineffective for not introducing testimony to establish the victim's height and weight;

3. Trial counsel was ineffective for failing to object to statements regarding Appellant's knowledge or experience in the martial arts;

4. Trial counsel was ineffective for failing to highlight on cross examination Hudson Bethard's statement that several individuals approached the scene of the altercation;

5. Trial counsel was ineffective for failing to present evidence that Appellant's pistol was carried in a left- handed holster, despite testimony indicating Appellant brandished and fired the weapon using his right hand;

6. Trial counsel was ineffective for failing to present character witnesses at trial;

7. Trial counsel was ineffective for advising Appellant not to testify at trial;

8. Trial counsel did not adequately prepare for the trial or explore various defenses; and

9. Appellate counsel was ineffective for failing to raise the above issues on direct appeal.

PCRA Court Opinion, at 2-3. Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

With regard to prong (2) of the ineffective assistance standards,

our courts repeatedly have held or implied that an attorney's basis for making one strategic or tactical decision over another, whether at trial or on appeal, is not subject to judicial speculation. The reasonableness of an attorney's strategic or tactical decisionmaking is a matter that we usually consider when evidence has been taken on that point.

*Commonwealth v. DuPont*, 860 A.2d 525, 533 (Pa.Super.2004).

Appellant's first four arguments allege that trial counsel failed to take some action to bolster Appellant's self-defense claim. The PCRA court reasoned:

> Appellant … has maintained from the day of the shooting that the firing was purely accidental. N.T. PCRA, 8/8/14 at 7-8. In other words, no self-defense claim was properly before the jury. As such, Appellant's state of mind was not at issue because it had no bearing on whether the trigger was pulled accidently. Trial counsel explained his rationale for not introducing the self-defense argument as follows:
>
>> [T]he night that this incident occurred [Appellant] actually was arrested by an off-duty police officer who was a neighbor, and he was taken into the police station where he made a pretty full and thorough statement, and I felt we were pretty much locked into that statement where he said he kept telling the police officer it was a mistake. It was not on purpose. It was a mistake. My recollection is there was no talk about being self-defense in there, and to come in and go in front of a jury and change what we said happened I thought was just a fatal flaw. It was never going to work in front of a jury...
>
> N.T. PCRA 8/8/14 at 32-33. Appellant agreed to take trial counsel's advice in this regard. N.T. PCRA, 8/8/14 at 7-8. Appellant made this decision voluntarily after being colloquied by the court and taking a recess to discuss the matter with counsel. N.T. Trial, 7/11/11 at 366-71. We find Appellant failed to demonstrate this course of action was chosen by counsel without a reasonable basis. To the contrary, we find the trial strategy to be reasonable in light of Appellant's prior statements to police and the record as a whole.

PCRA Court Opinion, at 4. We agree with the PCRA court's analysis that trial counsel made a reasonable tactical decision not to claim self-defense.

Appellant's fifth argument is that that trial counsel was ineffective for failing to present evidence that Appellant carried his pistol in a left-handed holster. The PCRA court correctly determined that this claim lacked arguable merit, that trial counsel had good reason not to raise it, and that it did not cause Appellant prejudice:

> Appellant believes this [fact] is important in light of eyewitness testimony that Appellant had pulled the pistol and shot the victim with his right hand. We find this claim has no merit. Appellant has never contested the undisputed evidence that he brandished the pistol and shot the victim. Rather, his contention is that the shooting was an accident. Trial counsel commented that the lack of focus on the left-handed holster was intentional, as he felt picking at irrelevant details would only insult the jury. N.T. PCRA, 8/8/11 at 38. Further, Appellant has not demonstrated prejudice resulting from this decision.

PCRA Court Opinion, at 5. Based on this analysis, we conclude that this argument does not entitle Appellant to relief.

Appellant's sixth argument is that trial counsel failed to present character witnesses. Trial counsel may be ineffective if he fails to investigate, interview, and call character witnesses and has no strategic basis for failing to do so. *Commonwealth v. Weiss*, 606 A.2d 439, 442-43 (Pa.1992). To establish that trial counsel is ineffective for failing to call witnesses, a defendant must show, in addition to meeting the general standard to establish ineffective assistance of counsel, that the witnesses existed, were available and willing to testify on defendant's behalf; that counsel knew of or should have known of the existence of the witnesses; and that defendant was prejudiced by the absence of the testimony which

- 7 -

would have been offered. ***Commonwealth v. Brown***, 767 A.2d 576, 581-82 (Pa.Super.2001). Among other things, a defendant must show the proposed testimony would have been beneficial, i.e., the absence of other good- character evidence "was so prejudicial as to have denied the [defendant] a fair trial." ***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa.2009). Finally, trial counsel will not be found ineffective for failing to call a witness whose testimony would be cumulative. ***Commonwealth v. Gibson***, 951 A.2d 1110, 1134 (Pa.2008).

The record does not support Appellant's claim that trial counsel failed to call character witnesses, because counsel called Appellant's ex-wife as a character witness. Appellant argues, however, that trial counsel should have called additional character witnesses. Trial counsel testified at the PCRA hearing, however, that he did not recall Appellant asking him to introduce additional character witnesses. N.T. PCRA, 8/8/14 at 36. Counsel also testified that had Appellant identified an additional character witness, he would have "certainly" spoken with that witness to determine whether his or her testimony would be helpful. ***Id***. at 41-42. Appellant failed to produce any testimony or affidavits of uncalled witnesses at the PCRA hearing. Nor did Appellant identify what character trait was at issue or what the nature of the uncalled witness's testimony would have been. Finally, Appellant failed to demonstrate how the testimony of additional character witnesses would have been beneficial to him and not cumulative. Accordingly, we agree with

the PCRA court that Appellant's character witness argument lacked arguable merit.

In his seventh argument, Appellant contends that trial counsel was ineffective for advising him against testifying in his own defense during trial. During trial, Appellant stated at the conclusion of the Commonwealth's case-in-chief that he decided not to testify based on counsel's advice. N.T. Trial, 7/11/11 at 356-66. Appellant admitted during PCRA proceedings that it was his decision not to testify. N.T. PCRA, 8/8/14 at 13. Trial counsel testified that he discussed the advantages and disadvantages of testifying with Appellant. Trial counsel advised Appellant that testifying was not in his best interests, because trial counsel was concerned that Appellant would claim self-defense and thus contradict counsel's defense that the shooting was accidental. *Id*. at 33. The PCRA court concluded, and we agree, that counsel's advice was reasonable trial strategy. Moreover, the jury heard Appellant's audiotaped statement to police on the night of the incident in which Appellant claimed that the shooting was an accident. Testifying would have subjected Appellant to cross-examination unnecessarily, because his audiotaped statement communicated his version of the events without him taking the stand.

Appellant's eighth argument is that trial counsel did not adequately prepare for trial. The thrust of this argument appears to be that the

Commonwealth presented expert witnesses but Appellant did not. The PCRA

court correctly determined that this argument lacked merit:

> [T]he defense had hired Mr. Blumberg as an expert to explore Appellant's psychological diagnoses. [Trial counsel testified that] Mr. Blumberg did not testify because 'he didn't think he could give us anything that was positive at the trial.' N.T. PCRA, 8/8/14 at 35. Additionally, the defense hired an expert to determine the trigger pull of the pistol. While he did not ultimately testify, he was available and on call at the time of the trial. The Commonwealth's expert, however, admitted the points the defense was trying to make, hereby negating the need for the defense expert to testify. N.T. PCRA 8/8/14 at 39-40. Trial counsel is not ineffective for failing to call an expert witness if counsel can effectively cross examine the prosecution witness and elicit helpful testimony. *See Commonwealth v. K.M.*, 680 A.2d 1168, 1172 (Pa.Super.1996).

PCRA Court Opinion, at 6-7.

In his ninth and final argument, Appellant claims that appellate

counsel was ineffective for failing to raise the foregoing issues on direct

appeal. This argument fails because none of the foregoing issues would

have entitled Appellant to relief.

For these reasons, we conclude that the PCRA court properly dismissed

Appellant's PCRA petition.

Order affirmed. Application for leave to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2016

- 10 -