J-S45027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILAL S. JUSTICE | : | |
| | : | |
| Appellant | : | No. 1745 MDA 2023 |

Appeal from the PCRA Order Entered November 21, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004942-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILAL S. JUSTICE | : | |
| | : | |
| Appellant | : | No. 1746 MDA 2023 |

Appeal from the PCRA Order Entered November 21, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001651-2019

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 24, 2025**

Appellant, Bilal J. Justice, appeals from the November 21, 2023 order entered in the York County Court of Common Pleas that denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  He raises claims challenging the effective assistance of trial and appellate counsel.  After careful review, we affirm.

The Commonwealth charged Appellant with crimes at two different dockets following an investigation regarding the death of an individual (the "Decedent") from a mixture of fentanyl and tramadol, packages of which were found near the Decedent's body marked "Harlem Nights." The investigation involved setting up several controlled drug buys between a confidential informant ("CI") and Appellant, which revealed that Appellant sold "Harlem Nights" to the CI.

Three different attorneys represented Appellant before, during, and after trial: Ashley D. Martin, Esq., represented Appellant during trial at Docket No. 1651-2019; Richard Robinson, Esq., represented Appellant at trial at Docket No. 4942-1029; and Aaron Holt, Esq., represented Appellant on direct appeal. A jury convicted Appellant of two counts of Delivery of Heroin, two counts of Possession with Intent to Deliver Heroin, Resisting Arrest, and Person Not to Possess a Firearm[1] at Docket No. 1651-2019; and Conspiracy to Commit Drug Delivery Resulting in Death, Conspiracy to Commit Delivery of Fentanyl with Acetyl Fentanyl and/or Tramadol, and Delivery of Fentanyl with Acetyl Fentanyl and/or Tramadol[2] at Docket No. 4942-2019. Following the convictions at both dockets, the court sentenced Appellant to an aggregate

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. §§ 5104, and 6105(a)(1), respectively.

[2] 18 Pa.C.S. 903(a)(1); 35 P.S. § 780-113(a)(30).

term of 21 to 42 years' imprisonment.[3]  On August 31, 2021, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Justice**, 262 A.3d 588 (Pa. Super. 2021) (non-precedential decision).

Appellant filed a timely PCRA petition, the appeal of which is now before us, asserting that each of his counsel provided ineffective assistance for failing to take actions at various stages before, during, and after his trial.  The PCRA court held a hearing on June 20, 2023.

Appellant presented testimony from Gregory McDonald, D.O., expert in forensic pathology; Lawrence Guzzardi, M.D., expert in the field of medical toxicology; Attorney Robinson, who represented Appellant at trial; and Attorney Holt, his appellate counsel.  Appellant did not present testimony from Attorney Martin, who represented him during the pre-trial and trial stages, and informed the court that he was unable to locate or contact Attorney Martin but learned independently that she was on bench warrant status for an unrelated pending criminal case in Dauphin County.

The Commonwealth presented testimony from Michael Johnson, M.D., Ph.D., F.C.A.P., an expert in forensic pathology.

On November 21, 2023, the PCRA court entered an order denying Appellant's petition.  Appellant timely appealed and filed a timely Rule 1925(b) statement.  The PCRA court filed a responsive Pa.R.A.P. 1925(a) opinion,

---

[3] The jury found Appellant not guilty of Drug Delivery Resulting in Death and Receiving Stolen Property.

- 3 -

relying on its November 21, 2023 denial order as well as the Commonwealth's

August 14, 2023 Memorandum of Law to support its decision.

Appellant raises the following issues for our review:

1. Did the Post-Conviction Relief Court err by failing to find trial counsel and appellate counsel provided ineffective assistance of counsel in so far as:

   a. Trial counsel failed to challenge the search warrant as violating [Appellant]'s rights under the 4th Amendment as applied by the 14th Amendment of the United States' Constitution and the greater protections of Article 1, Section 8 of the Pennsylvania Constitution?

      i. Did the Post-Conviction Relief Court err when it held that trial counsel's failure to properly motion for the suppression of the fruits of the search warrant of [Appellant]'s house did not entitle [Appellant] to relief because trial counsel's errors were "harmless"?

   b. Trial counsel failed to properly investigate and effectively cross examine former officer Patrick Gartrell?

   c. Trial counsel failed to obtain a forensic pathologist/medical examiner/expert to assist in preparing for trial, providing exculpatory evidence, and challenging the Commonwealth's theory?

   d. Trial counsel failed to request a multitude of jury instructions and therefore deprived [Appellant] of his state and federal due process rights?

   e. Trial counsel and appellate counsel failed to effectively challenge the sufficiency of the evidence for the charges of Conspiracy to Commit Drug Delivery Resulting in Death and Conspiracy to Commit Delivery of Fentanyl by failing to use the proper legal theory to attack the conviction?

2. Did the Post-Conviction Relief Court err by failing to find that the cumulative acts and omissions of trial counsel deprived [Appellant] of a constitutionally fair trial?

Appellant's Br. at 5-6 (reordered for ease of disposition).

- 4 -

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804. Moreover, "[i]n determining whether counsel's performance lacked a reasonable basis, a court will not find counsel to be ineffective if the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." *Commonwealth v. Williams*, 899 A.2d 1060, 1063–64 (Pa. 2006) (citation and internal quotation marks omitted). "If counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective." *Id.* at 1064.

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012).

Notably, "as a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract." *Id.* (citation omitted). When counsel is unavailable to testify, "the petitioner's burden of establishing a claim of ineffective assistance of counsel is not lessened or reduced." *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015). The petitioner still retains the burden of establishing the ineffectiveness claim and can attempt to do so through other evidence. *See id.* at 1198-99 (where

prior counsel was deceased, PCRA petitioner presented counsel's notes, memorialization of conversations with counsel, and letters to support his ultimately unsuccessful claim).

**A.**

As an initial matter, Appellant raises various claims of ineffective assistance of counsel against Attorney Martin, who did not testify at the PCRA hearing. These claims include allegations that Attorney Martin was ineffective for failing to: file a motion to suppress that challenged the fruits of the search warrant of Appellant's house; impeach Detective Gartrell; and request voluntariness jury instructions. Appellant's Br. at 5-6; 23-26; 35-47. The PCRA court found, pursuant to **Simpson, supra**, that Appellant failed to meet his burden in demonstrating Attorney Martin's ineffectiveness. Upon review, we agree that, even though Attorney Martin was unavailable to testify, Appellant failed to meet his burden by presenting other evidence to prove that Attorney Martin's actions lacked a reasonable basis. Our review of the record supports the trial court's finding, and, because Appellant failed to plead and prove the reasonableness prong, we discern no abuse of discretion in the trial court's denial of Appellant's PCRA claims as they relate to Attorney Martin. We will concentrate our remaining analysis on the allegations of ineffective assistance of counsel as they relate to Attorneys Robinson[4] and Holt.

_____

[4] Notably, throughout his PCRA petition and brief, Appellant refers generally to "trial counsel" and fails to specify which claims are raised against Attorney
*(Footnote Continued Next Page)*

- 7 -

**B.**

Appellant avers that both trial counsel and appellate counsel provided ineffective assistance of counsel. Appellant's Br. 12. Appellant first argues that Attorney Robinson was ineffective for failing to obtain a forensic pathologist and/or medical examiner/expert, such as Dr. McDonald and Dr. Guzzardi, to dispute that the fentanyl purportedly sold by Appellant was the major cause of the Decedent's death. *Id.* at 16.

The mere failure to obtain an expert witness to rebut the Commonwealth's evidence is not ineffectiveness. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1143 (Pa. 2011). To garner relief on an ineffectiveness claim for failure to present witness testimony, a petitioner must meet both procedural and substantive requirements. *Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014). "The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition 'a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony.'" *Id.* (citing 42 Pa.C.S. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15)). The second requirement is substantive and requires a petitioner to establish

___

Martin versus Attorney Robinson. This Court has logically deduced whether each claim applies to either Attorney Martin, Attorney Robinson, or both. To the extent that this Court does not address a claim due to misinterpreting which claims refer to which trial counsel, we deem such claims waived because they are not sufficiently developed for our review. *See Commonwealth v. K.M.*, 680 A.2d 1168, 1172 (Pa. Super. 1996) (declining to review an ineffective assistance of counsel claim where Appellant failed to sufficiently develop the argument in her PCRA appeal).

that "(1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial." *Id.* "In this context, prejudice means that the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." ***Commonwealth v. Robinson***, 278 A.3d 336, 343 (Pa. Super. 2022) (citation and internal quotation marks omitted).

The PCRA court found that Appellant failed to prove Attorney Robinson was ineffective for failing to call expert witnesses. Based on our review, the record supports this conclusion.

At the PCRA hearing, Attorney Robinson testified that he did not view the cause of death as the major issue in the case and, rather, had a strategy to cast doubt on the credibility of the CI. N.T. PCRA Hr'g, 6/20/23, at 78-79. In addition, Attorney Robinson testified that he viewed the presence of tramadol in the Dececent's blood as a question of fact rather than a medical opinion that required expert rebuttal. *Id.* at 91-92. The PCRA court found this testimony credible and concluded that Attorney Robinson had a reasonable basis for not calling a forensic medical expert to testify on Appellant's behalf. This Court may not disturb that credibility determination, which is supported in the record. ***See Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court.").

In addition, our review indicates that Appellant failed to prove that the absence of Dr. McDonald and Dr. Guzzardi's testimony prejudiced him. The experts that testified at the PCRA hearing regarding the Decedent's cause of death, including Dr. McDonald and Dr. Johnson, ultimately agreed that the Decedent died of mixed-substance toxicity, with fentanyl as a contributing factor. N.T. PCRA Hr'g at 30, 118-119. Also, neither Dr. McDonald nor Dr. Guzzardi challenged the key fact: that fentanyl was a contributing factor in the Decedent's death. Their opinions merely differed on how much fentanyl the Decedent had ingested.

In sum, Appellant failed to demonstrate that no reasonable basis existed for counsel's failure to call a forensic expert in rebuttal or that there is a reasonable probability that the outcome of the challenged proceeding would have been different since ultimately Drs. McDonald and Guzzardi agreed with the conclusions of the Commonwealth's expert. Because Appellant failed to prove the reasonableness and prejudice prongs of the ineffective assistance of counsel test, the PCRA court properly exercised its discretion in denying relief based on this claim.

**C.**

Appellant next avers that Attorney Robinson was ineffective for failing to request certain jury instructions, including: (1) a corrupt and polluted source instruction—or a cautionary instruction when an accomplice is a corrupt

- 10 -

and polluted source—relating to the CI's testimony generally;  (2) a **Kloiber**[5]
instruction—or a cautionary instruction when a witness identification is
unreliable—relating to the CI's identification of Appellant;  (3) an instruction
for a prior inconsistent statement, informing the jurors that they could use the
CI's prior inconsistent statement identifying the Appellant as "Brandon Deas"
as substantive or impeachment evidence; and (4) a "false in one, false in all"
jury instruction instructing the jury members that they may disbelieve all of a
witness's testimony if they determine that the witness deliberately testified
falsely about a material point.   Appellant's Br. at 29-35.

"Whether to request additional points for charge is one of the tactical
decisions within the exclusive province of counsel."   **Commonwealth v.
Lawrence**, 165 A.3d 34, 45 (Pa. Super. 2017) (citation and internal quotation
marks omitted).   This Court "should not invade that province and declare
counsel ineffective if any reasonable basis for counsel's decision existed at the
time of trial."  **Id.** at 44

Here, Attorney Robinson testified that he did not request a **Kloiber**
instruction because he did not believe there was an issue with the
identification of Appellant and, instead, had a trial strategy to discredit the

---

[5] **Commonweatlh v. Kloiber**, 106 A.2d 820, 826–27 (Pa. 1954) (holding
that "where the witness is not in a position to clearly observe the assailant, or
he is not positive as to identity, or his positive statements as to identity are
weakened by qualification or by failure to identify defendant on one or more
prior occasions, the accuracy of the identification is so doubtful that the Court
should warn the jury that the testimony as to identity must be received with
caution.")

CI's testimony regarding the ultimate source of the drugs. N.T. PCRA Hr'g at 81-82. Attorney Robinson further testified that he did not request a "corrupt and polluted source" instruction because he had a concern that if the jury heard that instruction, they would assume that Appellant was an accomplice, which went against Attorney Robinson's theory of the case. *Id.* at 82-88. Finally, he testified that he did not request a "false in one false in all" jury instruction because he believed that was encompassed in the general jury instructions. *Id.* at 90. He also believed that the general jury instructions adequately covered credibility and prior inconsistent statement instructions. *Id.* at 90. The PCRA court credited Attorney Robinson's testimony that he had a reasonable basis for not requesting certain jury instructions and, therefore, Appellant failed to prove the reasonableness prong of the ineffective assistance of counsel test.

Based on our review of the trial record, we discern no error in the court's conclusion that Appellant failed to prove the second prong of the ineffectiveness test, *i.e.*, that counsel had no reasonable basis for not requesting certain jury instructions.

**D.**

Appellant next avers that both Attorney Robinson and Attorney Holt were ineffective for failing to effectively challenge the sufficiency of the evidence for the conspiracy charges. Appellant's Br. at 47. Specifically, Appellant argues that there was no conspiratorial relationship between the CI and Appellant to deliver the drugs to the Decedent; rather, he contends that

Appellant was the seller and the CI was the buyer and they did not exhibit the shared criminal intent required for a conspiracy conviction. *Id.* at 49-50. Appellant further argues that there "is no legitimate strategic reason for trial counsel's nor appellate counsel's failure" to raise this argument. *Id.* at 50.

Based on our review, Appellant's claim against Attorney Robinson lacks arguable merit because the record reflects that Attorney Robinson did, in fact, raise this argument. In both his opening and closing arguments, Attorney Robinson repeatedly alleged that the CI, rather than Appellant, was solely responsible for the Decedent's death. N.T. Trial, 1/29/20, at 128-129, 550-557. Accordingly, the PCRA court did not abuse its discretion when it denied relief for this claim against Attorney Robinson.

In addition, Appellant's claim against Attorney Holt also fails to garner relief. Our Supreme Court has concluded that Pennsylvania "does not require appellate counsel to raise all potentially appealable issues." ***Commonwealth v. Showers***, 782 A.2d 1010, 1016 (Pa. Super. 2001). Rather, "[e]ffective assistance of counsel on appeal is informed by the exercise of the expertise with which counsel is presumably imbued." ***Id.*** "It is the obligation of appellate counsel to present issues which, in counsel's professional judgment, 'go for the jugular' and do not get lost in a mound of other colorable, nonfrivolous issues which are of lesser merit." ***Id.***

Attorney Holt testified that, when he filed Appellant's appeal, he believed that the strongest claim of error that he could raise was that the drugs supplied to the Decedent by the CI, which came from Appellant, did not

ultimately cause the Decedent's death. N.T. PCRA Hr'g at 109. As stated above, "[i]f counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective." **Williams**, 899 A.2d at 1064 Here, Attorney Holt's chosen strategy of putting forth the strongest argument on appeal is certainly reasonable. Accordingly, Appellant's claim fails.

## G.

In his final issue, Appellant avers that the cumulative acts and omissions of trial counsel deprived Appellant of a constitutionally fair trial. Appellant's Br. at 51. We disagree.

"No number of failed claims may collectively warrant relief if they fail to do so individually." **Commonwealth v. Washington**, 927 A.2d 586, 617 (Pa. 2007). As discussed above, none of Appellant's individual claims of error garner him relief. Accordingly, Appellant's last issue lacks merit.

In sum, Appellant's claims of trial and appellate counsel ineffectiveness fail to garner him relief. As a result, we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/24/2025